In the Matter of JOHN J. WALSH, Respondent, against FIORELLO H. LAGUARDIA, as Mayor of the City of New York, et al., Appellants.

(Argued December 9, 1935; decided January 8, 1936.)

*Paul Windels,* Corporation Counsel (*Joseph L. Weiner* and *Herman Horowitz* of counsel), for appellants. Mandamus will not lie unless the duty sought to be enforced is specific in its nature, and of such character that the court can prescribe a definite act or series of acts which will constitute a performance of the duty. The order herein exceeds any duty imposed by law upon the appellants. (*People ex rel. Hasbrouck* v. *Supervisors,* 135 N. Y. 522; *Matter of International Ry. Co.* v. *Schwab,* 203 App. Div. 68; *Klinkenstein* v. *Third Ave. Ry. Co.,* 246 N. Y. 327; *Matter of Ottinger* v. *Voorhis,* 213 App. Div. 561; *People ex rel. Bartlett* v. *Dunne,* 219 Ill. 346; *State ex rel. Hawes* v. *Brewer,* 39 Wash. 65; *State ex rel. Beardslee* v. *Landes,* 149 Wash. 570; *People ex rel. Fitzgerald* v. *Whipple,* 41 Mich. 548; *McAlester-Edwards Coal Co.* v. *State,* 31 Okla. 629; *Jackson* v. *Cochran,* 134 Ga. 396; *State ex rel. Star Pub. Co.* v. *Associated Press,* 159 Mo. 410; *State* v. *Linn County,* 113 Kan. 203.) The order was properly denied by Special Term in the exercise of discretion; the reversal by the Appellate Division, as a matter of law, was improper. (*People ex rel. Wood* v. *Assessors,* 137 N. Y. 201; *United States* v. *Dern,* 289 U. S. 352; *People ex rel. Judge* v. *Hylan,* 200 App. Div. 430.) The facts do not warrant an interference with the executive function of the officials of the city. (*People ex rel. Judge* v. *Hylan,* 200 App. Div. 430; *Matter of International Ry. Co.* v. *Schwab,* 203 App. Div. 68.)

*John J. Walsh,* in person, for respondent. Mandamus cannot rest in discretion when there are no disputed facts. (*Brennan* v. *Board of Education,* 245 N. Y. 8; *People ex rel. Judge* v. *Hylan,* 200 App. Div. 430.) The charter of the city of New York (L. 1901, ch. 466) forbids the operation of stage or omnibus routes until a franchise is obtained. (*Bogart* v. *Walker,* 231 App. Div. 499.)

CRANE, Ch. J. In *Blanshard* v. *City of New York* (262 N. Y. 5) this court decided that unless a consent be

granted by the Board of Estimate and Apportionment in accordance with section 74 of the charter (Laws of 1901, ch. 466, as amd.), a bus line has no right in the city streets; it is a trespasser, and any person may bring an action as a taxpayer to enjoin its operation.

The petitioner in this case alleges that there are about twenty-seven bus routes operated through the streets and avenues of the county of Queens, city of New York, without having obtained any franchises or rights in accordance with the provisions of the city charter; that while the Board of Estimate and Apportionment has given approval to a formal contract and adopted resolutions authorizing the operation of these bus lines, pursuant to section 74 of the city charter, the Mayor has failed and refused to give his consent thereto, as is required by section 72. (Amd. L. 1905, ch. 629, § 10.) Thus it seems to be conceded that these bus lines are operating illegally, without authority, and contrary to law. What is the remedy which the public has in this situation?

We stated it, or thought we had, in the *Blanshard* case. Instead of seeking relief by injunction, the petitioner has sought a mandamus order compelling the Mayor and the Police Commissioner to perform their duty and stop the buses from operating over these various routes. The Special Term denied the application, but the Appellate Division has made an order requiring the defendants to " forthwith cause every person, firm or corporation now operating any omnibus line or lines for the transportation of passengers for hire upon the routes described in the petition herein * * * to cease and discontinue such transportation unless and until each such person, firm or corporation shall have complied with the provisions of the Transportation Corporations Law and of the Greater New York Charter with respect to the operation of an omnibus line or lines."

The Appellate Division stayed the operation of the order for a period of one hundred and eighty days. The

appeal to this court has to do with the question of remedy, and it may seem rather a captious objection that what might be accomplished by a paper order called " injunction " may not be done by another paper order called a " mandamus," yet there are distinctions of substance between the two remedies which must not be overlooked. We may in this day have little patience with a practice which denies any relief because the paper presented to the court called a " petition " asks for the wrong remedy, but we must have patience to consider carefully whether the remedy which is granted by the court on any petition, call it what we will, can be effectual to accomplish its purpose, or recognizes the rights of litigants and third parties. In the action for an injunction all these bus corporations, if there be more than one, would be heard upon the question of franchise and rights to operate in the street. We do not know in this proceeding from the affidavits that any corporation is operating buses. We are not even given the names of the persons or associations illegally using the streets. The proceeding is against the Mayor and the Police Commissioner, to compel them to sweep all public buses off the highways in Queens county. Such drastic proceedings cannot be had without hearing the parties affected, and the proceedings by way of injunction afford this opportunity.

There is another reason which is equally fundamental. No court can compel the Mayor to approve the contract submitted by the Board of Estimate regarding these bus lines. He is given a discretion by section 72 of the charter. His approval is necessary to make the franchise legal. (See, also, sections 74 and 242 of the charter [as amd.].) The Mayor and his appointee, the Police Commissioner, have their duties defined by law. The Legislature has placed upon them the responsibility of carrying out the provisions of the charter of the city of New York, and if they fail in these duties remedies are afforded the public other than the appeal to the courts.

In other words, the order of mandamus which, as we all know, means the command to do a specific thing or suffer the consequences of contempt proceedings, is not the method provided by the law for reaching the present situation regarding these bus lines. Mandamus is used to enforce an administrative act positively required to be done by a provision of law. It is not used for the purpose of preventing third parties from doing illegal acts.

As before stated, we may welcome the day when applications to the courts for relief may be referred to as merely " petitions " for relief, but it will be a long time before we wipe out the distinctions between " mandamus " and " injunction." The distinction was very well brought out in *Matter of International Ry. Co.* v. *Schwab* (203 App. Div. 68), where a peremptory mandamus order was sought directing the Mayor and the Commissioner of Public Safety to enforce the Transportation Corporations Law (Cons. Laws, ch. 63), and section 29 of the Penal Law, with respect to motor vehicles carrying passengers for hire. It there appeared that the drivers of jitney buses were violating the statutes, and it was sought to compel the Mayor to enforce these statutes. The court quoted the decision of this court in *People ex rel. Hasbrouck* v. *Supervisors* (135 N. Y. 522, 533) as a basis for its denial of the application. This court said: " When a writ of peremptory mandamus issues, all judicial action has ceased, and the party commanded is bound to obey, and in default thereof he may be punished. He has no discretion to perform part of the acts commanded and to omit others; but he must obey the writ in the terms in which it was issued. The writ must command precisely what the party is required to do, and no more than he is legally bound to do."

The Appellate Division, in this opinion in the *International Ry. Co.* case, put the matter very well: " Mandamus is an extraordinary remedy and the judiciary is loathe to interfere with the executive department of the

government in the exercise of its official duties, unless some specific act or thing which the law requires to be done has been omitted." It also referred to an opinion of Mr. Justice ANDREWS, late of this court, wherein he said: " The interference of the Supreme Court with the details of municipal administration is not to be encouraged. These details are entrusted by the people to officers chosen directly or indirectly by themselves. These officers are criminally responsible for a willful neglect of their duties, and upon them the responsibility for the government of our cities should usually be allowed to rest. The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and, indeed, such an assumption by it would be contrary to the whole spirit and intent of our government" (p. 74).

We find authorities outside our State taking the same view. (*People ex rel. Bartlett* v. *Dunne,* 219 Ill. 346; *State ex rel. Hawes* v. *Brewer,* 39 Wash. 65, and *State ex rel. Beardslee* v. *Landes,* 149 Wash. 570, 571, wherein it was said, quoting the *Hawes* case: " Mandamus will not lie to compel a general course of official conduct, as it is impossible for a court to oversee the performance of such duties.") (See, also, *People ex rel. Fitzgerald* v. *Whipple,* 41 Mich. 548; *McAlester-Edwards Coal Co.* v. *State,* 31 Okla. 629; *Jackson* v. *Cochran,* 134 Ga. 396; *State ex rel. Star Pub. Co.* v. *Associated Press,* 159 Mo. 410; *State ex rel. Griffith* v. *Bd. of Commrs. of Linn County,* 113 Kan. 203.)

It is not the operation of the buses upon the streets which is illegal; it is the operation for hire which requires the franchises or the consent of the city.

The order granted by the Appellate Division requiring the Mayor and the Police Commissioner to prevent the violation of law lacks the elements required of a mandamus order, and must be reversed. The Appellate Division, we feel confident, appreciated this, as it allowed a period

of six months within which the buses might be operated or franchises obtained. In other words, it provided that its order should not take effect for one hundred and eighty days.

The courts have no greater power than the Mayor or the Police Commissioner to suspend the operation of the statute, but we fully appreciate that this was an attempt to afford these officials an opportunity to adjust matters without the great misfortune which would fall to the residents of Queens county should means of transportation cease. We also call attention to the remedy provided by section 63-g of the Public Service Law (Cons. Laws, ch. 48), whereby summary proceedings may be taken by the Commission to stop the illegal operation of buses.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur; CROUCH, J., not sitting.

Ordered accordingly.