Cortland A. Johnson, J.
The petitioner, a taxpayer of the Town of North Hempstead, in reliance upon article 78 of the Civil Practice Act, seeks an order in the nature of mandamus directing the respondent officers of the said town to enforce the provisions of the town ordinance relating to sand banks and sand pits, which, the petition asserts, is being generally violated with no attempt at enforcement, at least as regards banks and pits in business before the adoption of the ordinance. Respondents move to dismiss.
A perusal of the petition demonstrates that it is couched in highly general terms, based principally upon a series of newspaper articles dealing with the sandpit industry. The nearest thing to an allegation of a specific violation is a list of companies doing business in the town. However, it is clear from respondents’ own argument and papers that there has been some hesitation in attempting to enforce certain provisions of the ordinance as against sandpit operations which were under way when the ordinance was adopted.
Since the publication of the articles, the respondents have taken steps to re-examine their responsibilities in the matter; they disclaim any deliberate neglect of their duty and assert their resolution to enforce the ordinance strictly.
*221 Of course, neither petitioner’s laches nor respondents’ inaction has any effect upon the meaning or validity of the ordinance; failure to enforce a law does not accomplish its repeal.
However, a proceeding of this character is addressed in considerable degree to the discretion of the court. (See 22 Carmody-Wait, New York Practice, p. 188.) It does not appear that the provisions of article 78 of the Civil Practice Act were intended to broaden to the degree sought by petitioner the relief formerly obtainable by order of mandamus. This court still feels its power to be limited as defined by the Court of Appeals in Matter of Walsh v. La Guardia (269 N. Y. 437), where the court said (p. 441): “ Mandamus is used to enforce an administrative act positively required to be done by a provision of law. It is not used for the purpose of preventing third parties from doing illegal acts ”, and quoted with approval language long ago used by Mr. Justice William S. Andrews in a case not unlike that now engaging the attention of this court (People ex rel. Clapp v. Listman, 40 Misc. 372, 375-376): “ The interference of the Supreme Court with the details of municipal administration is not to be encouraged. These details are intrusted by the people to officers chosen directly or indirectly by themselves. These officers are criminally responsible for a willful neglect of their duties, and upon them the responsibility for the government of our cities should usually be allowed to rest. The Supreme Court is not so organized as to enable it conveniently to assume a general supervisory power over their acts; and indeed such an assumption by it would be contrary to the whole spirit and intent of our government.” (See, also, Matter of International Ry. Co. v. Schwab, 203 App. Div. 68.)
Though written over a half century ago, Judge Andrews’ language still expresses the theory of government in this State: A system of checks and balances, not one of mutually overriding supervision.
This court has no doubt that the town authorities will take prompt and diligent action to secure an early determination of the town’s rights under its ordinance; since this also involves rights of persons not before the court, no opinion will here be expressed as to the legal questions involved; especially since there is not before the court any proof whatever with respect to numerous questions of fact which may become important.
For the reasons indicated, the motion to dismiss the petition is granted, but without costs.
Submit order.