Walter B. Reynolds, J.
Petitioners seek, in a proceeding under article 78 of the Civil Practice Act, to review, and have vacated, an order of the Finger Lakes State Parks Commission which directed its superintendent at the Watkins Glen State Park to erect a fence across one of the upper pathways in and out of the park. The effect of this fence was to cut off ready access of park visitors to petitioners’ refreshment stand, located on private property directly opposite the area across which the fence was erected. A temporary restraining order has kept an opening in the fence sufficient to permit normal access to petitioners’ stand while the right of the commission to erect such a fence, or the right of the petitioners to demand that it be removed, is being litigated in this court.
An article 78 proceeding serves today in place of the remedies once known as certiorari to review, mandamus, and prohibition. Article 78 has not enlarged upon the scope of these remedies. (Civ. Prac. Act, §§ 1283, 1284; Third Annual Report of N. Y. Judicial Council, 1937, p. 181; Matter of Newbrand v. City of *1088 Yonkers, 285 N. Y. 164, 174-175.) It is necessary, then, to determine whether or not the concept of the remedy available by certiorari, mandamus or prohibition is applicable to the situation herein. (See for discussions of these special proceedings, Third Annual Report of N. Y. Judicial Council, 1937, pp. 133-179; 9 New York State Constitutional Convention Committee on ‘ ‘ Problems Relating to Judicial Administration and Organization ” [1938], pp. 781-798; 1 Benjamin on Administrative Adjudication in the State of New York [1942], pp. 326-369.)
The concept of certiorari to review is that of a special proceeding to scrutinize judicial or quasi-judicial determinations of administrative bodies or officers. If the petitioners seek to review something which is not in the nature of a judicial determination, but is purely an administrative action, this remedy does not lie. The question, of course, arises as to what are judicial determinations. The answer seems to be sufficiently put forth in Carmody-Wait on New York Practice (Yol. 22, pp. 130-131): ‘‘ The test may be stated to be that action is judicial or quasi-judicial when, and only when, the body or officer is authorized and required to take evidence and all the parties interested are entitled to notice and a hearing. Thus, the act of an administrative or ministerial officer becomes judicial and subject to review by certiorari only where there is an opportunity to be heard, evidence presented, and a decision had thereon.” It is quite apparent that the determination of the Finger Lakes State Park Commission sought to be reviewed here does not even begin to qualify as a judicial or quasi-judicial determination. No hearing was held nor was one required to be held. There was no adversary proceeding whatsoever. It is hard to conceive of a more purely administrative order. In spite of this, petitioners ’ attorney, in his brief on the motion, relies on the concept of certiorari to afford the relief sought herein, for he states, in answer to respondent’s contention that mandamus will not lie, that “ this action * * * is not a mandamus proceeding to compel the Commission to perform some action or enforce some duty, but is an Article 78 proceeding to review the action of the Commission.” The confusion is understandable. Mandamus, as it is generally thought of, is a two-pronged remedy; it is available both to compel performance of a duty specifically enjoined by law, and to review an administrative determination arrived at otherwise than as the result of a prescribed quasi-judicial hearing (1 Benjamin on Administrative Adjudication in the State of New York, p. 351). Thus, when it is said, in regard to an article 78 proceeding, that it lies to review a determination of a body or officer exercising judicial, quasi-judicial. *1089 administrative or corporate functions, which involve the exercise of judgment or discretion (a paraphrase of Civ. Prac. Act, § 1284, subd. 2), what is meant is that article 78 is available to £ ‘ review ’ ’ in the same situations where both mandamus and certiorari were previously available to£ £ review ’ ’ (Third Annual Report of N. Y. Judicial Council, 1937, p. 181).
At the outset of any consideration of the availability of mandamus (in either form) here, the court is met with the proposition that the petitioners must establish a clear legal right to the relief sought. (Matter of Pruzan v. Valentine, 282 N. Y. 498, 501; Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 684; 1 Benjamin on Administrative Adjudication in the State of New York, p. 352.) This is tantamount to saying that the law (statutory or common) must require the commission, in its relations with petitioners, to keep this pathway open. There is no allegation that petitioners have any right, by contract, easement or otherwise, in the disputed pathway. Another way to state the ££ clear legal right” proposition is to say that such a right depends upon the question whether the act of the commission is arbitrary or capricious, i.e., whether the act is justified by the existence of conditions which, under the provisions of the Conservation Law governing the commission, might furnish reasonable ground for the act, in the exercise of the discretion vested in it (a paraphrase of the test stated in Matter of Small v. Moss, 277 N. Y. 501, 507; see, also, 1 Benjamin on Administrative Adjudication in the State of New York, p. 352). The statute vests a broad, almost unlimited, discretion in the commission, to “ Lay out, manage and maintain ” the parks under its jurisdiction (Conservation Law, § 717, subd. 5). It has prohibited the sale of beer and other intoxicating beverages at stands located within the parks. The worst that can be inferred from the allegations of the petition is that the commission seeks to better effectuate its policy of no beer sales on the premises with the erection of this fence. This court cannot say that this is not a reasonable ground for the commission’s order, and it cannot be said, in an article 78 proceeding, that the commission has acted beyond its jurisdiction. It cannot be held that erection of the fence on the commission’s own property is an act beyond its jurisdiction or an abuse of discretion, in the absence of any rights of the petitioners in the pathway across which the fence was erected. Mandamus in any of its forms cannot be invoked here.
Even in situations where the ££ clear legal right ” required of petitioner would seem to be far more clear than it is here, the courts have denied relief. (See, for example, Matter of Goldberg *1090 v. Wagner, 9 Misc 2d 663; Matter of Daniels v. Daniels, 3 A D 2d 749; Matter of Solomon v. Public Service Comm., 286 App. Div. 636.)
The remedy once known as prohibition is now embodied in subdivision 4 of section 1284 of the Civil Practice Act and is characterized as a proceeding “ ‘ to restrain a body or officer exercising judicial or quasi-judicial functions from proceeding without or in excess of jurisdiction ’”. No elaboration is necessary to hold that this present proceeding is not one which could be said to be in the nature of a writ of prohibition.
In the final analysis the court is faced with the proposition that to allow this proceeding would extend the scope of the remedy afforded by article 78 beyond anything which has been brought to the court’s attention. The petitioners are asking the court to allow a proceeding which, either in the exercise of its discretion or under the law as it exists today, the court feels it cannot allow.
A further objection to this proceeding is readily apparent. Petitioners originally attempted to seek redress by means of an action for an injunction in Supreme Court. This action was dismissed for lack of jurisdiction, on the basis that the commission could only be sued in the Court of Claims. At this point the petitioners commenced their article 78 proceeding, using a petition which consists mainly of the allegations of the injunction complaint and the statements in an affidavit on the motion for a temporary restraining order in that action, all incorporated by reference. It would appear, then, that the present proceeding is basically one for an injunction, although it would seem that any mandamus proceeding for an order of a “preventive” nature is akin to an injunction action. Nevertheless, the cases make the statement that the provisions of article 78 are not appropriate to relief in the nature of a permanent injunction (Matter of Walsh v. LaGuardia, 269 N. Y. 437; Matter of Daniels v. Daniels, supra; Matter of Gapinski v. Zoning Bd. of Appeals of Town of Cheektowaga, 3 A D 2d 976, appeal dismissed 3 N Y 2d 920; Matter of Harbison v. City of Buffalo, 4 A D 2d 999; Matter of Pagano Realty Corp. v. O’Dwyer, 195 Misc. 157, affd. 275 App. Div. 705; Matter of Donegan v. Patterson, 4 Misc 2d 81).
Respondent’s motion to dismiss is hereby granted. This result makes it unnecessary to consider the petitioners ’ motions which were submitted at the same time. The temporary restraining order is hereby vacated and dissolved.
Submit order.