Ftjld, J.
(dissenting). It seems to me that to uphold the petition in this case violates settled principles. An order under article 78 of the Civil Practice Act in the nature of mandamus is not the means provided by law to reach the situation described in that petition. Such an order is used to enforce an administrative act positively required to be done by a provision of law, not for the purpose of preventing third parties from doing illegal acts. If anything be clear, it is, as Presiding Justice Non ax wrote in dissent in the Appellate Division, that “ a proceeding in the nature of mandamus will [not] lie to compel a general course of *403 official conduct, as it is impossible for a court to oversee the performance of such duties. Nor may it be used as a substitute for an action under section 51 of the General Municipal Law to require public officers to answer for waste or injury to public property or funds. (Cf. Matter of Walsh v. La Guardia, 269 N. Y. 437; Matter of International Ry. Co. v. Schwab, 203 App. Div. 68; People ex rel. Clapp v. Listman, 40 Misc. 372.) ”
We should not put our imprimatur on a petition such as the one before us. It may well be that the town officials should have decided to do something about the alleged violation of the town’s ordinance, but to permit a taxpayer to mandate those officials to enforce such a law as the town ordinance here involved would truly open up a Pandora’s box of controversy and litigation.
The order should be reversed and the petition dismissed.
Judges Desmond, Dye, Feoessel and Burke concur in Per Curiaon opinion; Judge Fuld dissents in an opinion in which Chief Judge Conway and Judge Van Voorhis concur.
Order affirmed.