Herbert D. Hamm, J.
The petitioner is a teacher. By a written statement dated November 7, 1957 the Superintendent of Schools initiated a disciplinary proceeding against him. The written statement comprised 36 separately numbered allegations characterized as “ charges ”, After hearings conducted on several days the Board of Education stated in writing: “it is the unanimous decision of the members of the Board of Education hearing this matter that the credible evidence sustains the charges and that said Philip Chuff * * * be dismissed as a teacher in said school district ”. No findings of fact were made which would show the particular matter determined against the petitioner herein.
Subdivision 3 of section 3012 of the Education Law as pertinent provides: “At the time and place set the issues shall be heard. Each witness shall be required to take oath or affirmation before an officer of the board of education. At such hearing, which shall be private or public at the discretion of the teacher, *1068 each party shall have the privilege of being represented by counsel. It shall be the duty of said board of education to employ a competent stenographer to keep and transcribe a record of the proceedings at such hearing. After each side has completed its case at the hearing, the board of education may by a majority vote dismiss said teacher from its service, or may defer action regarding the decision for a period not to exceed five days. Provided, however, the teacher shall have a right to make an appeal both as to law and fact to the tenure commission as hereinafter described. If said appeal is not made in ten days after dismissal, the decision of the board of education shall be final. In said appeal the teacher shall submit the case on the evidence as recorded in the hearing before the board of education. The tenure commission shall proceed in the same manner as the board of education, setting the date of said hearing not less than ten or more than thirty days after notice of such an appeal shall have been received. The tenure commission shall by a majority vote make its recommendation to the commissioner of education. The decision of the commissioner of education shall be final.”
An appeal was made to the Tenure Commission. The Tenure Commission stated that it regarded eight of the charges as unsubstantial or as not established by competent evidence and that another charge that the petitioner had not acquired tenure was ‘ ‘ manifestly erroneous and insufficient on its face as a matter of law ”. For its recommendation the Tenure Commission concluded ‘ ‘ the members of the Commission participating in this decision unanimously recommended that the determination of the Board be affirmed”. The commissioner said: ‘ ‘ Upon an examination of the record in this proceeding, it appears that there is no basis for substitution of my judgment for that of the Board of Education and the Tenure Commission. it is ordered that the recommendation of the Tenure Commission be affirmed.”
Section 3012 states that the 11 decision of the commissioner of education shall be final.” It does not require, as does section 310 of the Education Law, that the commissioner’s decision shall be “ not subject to question or review in any place or court whatever”, nor does it state, as does section 2037, that the commissioner’s decisions shall be “ not subject to review.” Although it has been held that section 310 does not prevent judicial review to the extent of determining whether the commissioner was purely arbitrary (Matter of Board of Educ. of City of N. Y. v. Allen, 6 N Y 2d 127), some doubt has been *1069 expressed as to whether section 2037 permits review to the extent that review may be had in a case arising under section 310 (Matter of Colson v. Allen, 285 App. Div. 797, 798; Matter of Kuhn v. Commissioner of Educ.,1 A D 2d 533, 537, appeal dismissed 2 N Y 2d 749). In Matter of Eaton v. Allen (1 Misc 2d 496) the determination of the Commissioner after an appeal under section 2037 was annulled but the annulment was based on interpretation of an underlying statute (cf. Matter of Ross v. Wilson, 308 N. Y. 605). In Matter of O’Brien v. Commissioner of Educ. (3 A D 2d 321, appeal dismissed 4 N Y 2d 140, motion for reargument denied 6 N Y 2d 882) the proof failed to demonstrate that the commissioner’s decision was arbitrary and consequently the question was not reached. In the absence of any restrictive language in subdivision 3 of section 3012 qualifying the finality of the commissioner’s decision, the issue is whether the commissioner’s decision was supported by substantial evidence.
It seems clear that this article 78 (Civ. Prac. Act) proceeding to review the commissioner’s decision should be regarded as one in the nature of certiorari, rather than mandamus (Matter of Irving v. Finger Lakes Comm., 12 Misc 2d 1087, 1088-1089). This is a proceeding to scrutinize the judicial determination of the commissioner after his judicial examination of evidence as the result of a hearing held, at which evidence was taken pursuant to statutory requirement after an opportunity to be heard and to present evidence had been afforded. Issues as to whether the charges were supported by substantial evidence are raised under subdivisions 6 and 7 of section 1296 of the Civil Practice Act and transfer to the Appellate Division is indicated.
The commissioner urges the petitioner’s appeal to him was not only under section 3012 but also under section 310 of the Education Law and that the only issue is whether the commissioner was arbitrary. If this were so, the issue would be not whether the charges were supported by substantial evidence but whether a reasonable man could find that they were supported by substantial evidence. It is indisputable that the appeal under consideration was taken under and pursuant to section 3012. The caution exercised in limiting review of the commissioner’s decisions when they are by statute ‘‘ not subject to question or review in any place or court whatever ” is not required when there is no such statutory limitation. In fact, the deliberate omission of statutory restriction of the right to review so manifests.
The petitioner, stating that this proceeding should be transferred, urges that there is a preliminary question of law to be *1070 determined by Special Term. He says that the board’s conelusory determination that the credible evidence sustained the charges was insufficient as a matter of law and that he was entitled to findings which would show more precisely what was determined against him. Findings, however, are not mandatory in all situations. It has been said (Matter of McCall Corp. v. Gerosa, 2 A D 2d 358, 361): “ The court should not be required to speculate as to the reason for the administrative ruling. (See Securities Comm. v. Chenery Corp., 332 U. S. 194; Matter of Barry v. O’Connell, 303 N. Y. 46.) ” On the other hand in Matter of Stolz v. Board of Regents (4 A D 2d 361) the determination was confirmed and it was said at page 365: “It is true that a statement of reasons would be helpful to the court in any case, in the exercise of its newly granted power to review the extent or measure of punishment, but we cannot insist upon a statement of reasons when there is no apparent disproportion between the nature of the offense and the extent of the punishment. It may fairly be assumed, without any explicit statement to that effect, that the board selected the particular measure of discipline because it believed it to be appropriate to the nature of the offense.” In Matter of Piper v. Lubin (4 A D 2d 812, 813) wherein the absence of findings required annulment and remission, the court stated: “ Here, some factual evaluation was required. The matter of punishment to be passed upon by us, pursuant to the authority lately conferred (Civ. Prac. Act, § 1296, subd. 5-a) cannot be reviewed without at least an expression of conclusions and reasons and a record of factual content sufficient to support them, since the inherent nature of the offenses does not necessarily demand such stringent punishment. (See Matter of Stolz v. Board of Regents, 4 A D 2d 361.) ”
In this case it will be for the Appellate Division to decide whether the record is such as to be reviewable without the findings which the petitioner contends should have been made.
Submit order of transfer in accordance herewith. The pleadings, affidavits and exhibits will be forwarded with the signed order.