Jacob Markowitz, J.
This is an application pursuant to article 78 of the Civil Practice Act for an order requiring the respondent Commissioner of the Department of Sanitation of the City of New York to reinstate petitioner to his full seniority position in the said department. In May and June, 1959, petitioner successively requested and was denied leaves of absence of 12, 6 months’ and 3-month periods. In June, 1959, petitioner was granted a four-week leave of absence in order to visit his sick mother in Ohio. This leave period was in conformity with a policy established by respondent Commissioner and his predecessors that a maximum of approximately four weeks’ leave would be allowed sanitation men for the conduct of their personal affairs. This policy was instituted in order to maintain as high a level of manpower as possible so that the many important functions of the department might adequately be performed. At the expiration of petitioner’s granted, leave period, petitioner requested an extension, which was denied, and on July 17,1959, petitioner resigned from the department. Thereafter, on November 2, 1959, petitioner, on application, was reinstated, assigned to his former job location and was given full seniority status with respect to all of his rights and privileges under civil service. At the job location, however, with respect to job assignments, shifts and vacation period preferences, petitioner was placed in the position of a sanitation man newly assigned or transferred to that job location. It is this alleged denial of seniority rights that petitioner primarily contests. Petitioner’s claim that respondent’s refusal — in July, 1959 — to grant him a longer leave of absence was arbitrary and capricious cannot now be considered by this court, since such determination was final and binding as of July, 1959, and this proceeding has not been brought within four months thereafter (Civ. Prac. Act, § 1286).
As to petitioner’s primary contention, it cannot be disputed that the internal affairs and management of administrative agencies or departments and the day-to-day operation and administration thereof should properly be left to the good judgment and discretion of the head of such department or agency. The courts are loath to interfere (Matter of Walsh v. La Guardia, 269 N. Y. 437), and will do so only upon a clear showing that some legal right has been violated. Job assignments, shifts and vacation period preferences, at any particular job location, are all part and parcel of internal administration. Policy as to such *631 day-to-day affairs of a department, so long as it is applied equally and impartially, should not be disturbed by the courts. Here it appears that petitioner was treated in substantially the same manner as others similarly situated. Seniority status at a job location is the same for all who are reinstated after resignation. All are treated in the same manner as those who are newly transferred or assigned to a job location.
Petitioner had no absolute right to reinstatement nor to reassignment to his former job location. Having been afforded these privileges, an absolute right to seniority status at the job location seems even more remote. Petitioner has, in nowise, sufficiently demonstrated that respondent has been arbitrary, capricious or prejudicial in his treatment of petitioner. Nor is the mere recitation by petitioner of a small group of names of other members of the department — who supposedly belong to a union different from that of petitioner, who allegedly were afforded leaves longer than four weeks or who presumably resigned and were reinstated, all ‘ ‘ with full seniority rights ’ ’ — sufficient to raise issues for a trial or to warrant this court in finding that respondent acted illegally or arbitrarily. The petition is dismissed.