■    In the Matter of HENRY BURRETT, Appellant, v. TOWN BOARD OF THE TOWN OF AMHERST et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. Memorandum: We affirm this order but not on the grounds of the determination of the Special Term Justice. He decided that " [Petitioner] has completely failed to *prove* title to the said 10-foot strip in the Town." (Italics ours.) Although the procedure followed is not clear, obviously the decision was made upon affidavits and the petition. The affidavits present conflicting questions of fact. The petition alleges that the town was the owner. No answer was served. No testimony was taken, and the petitioner was afforded no opportunity to prove that title was in the town, although the town engineer on two different prior occasions had asserted that the 10-foot strip was town property. All of this would ordinarily require a reversal and a remand to Special Term. However, the proceeding is in the nature of what was formerly denominated mandamus, and that remedy is not proper or available in this case. We do not consider that *Matter of Ciminera* v. *Sahm* (4 N Y 2d 400) holds otherwise. Rather, we find the following cases applicable: *Matter of Silberman* v. *De Hoyos* (11 A D 2d 853); *Matter of Ahern* v. *Board of Supervisors* (7 A D 2d 538, 542); *Matter of Daniels* v. *Daniels* (3 A D 2d 749); *Matter of Walsh* v. *La Guardia* (269 N. Y. 437); *Matter of International Ry. Co.* v. *Schwab* (203 App. Div. 68). Finally, the alleged trespasser was not a party. In any future proceeding which may be instituted by the petitioner it would be desirable, if not necessary, that the alleged trespasser be made a party defendant (*Matter of Silberman, supra*). (Appeal from order of Erie Special Term denying petition without prejudice.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.