David F. Lee, Jr., J.
In this article 78 CPLB proceeding petitioner seeks a judgment in the nature of mandamus.
The petitioner requests that: “ a judgment be entered against the respondents pursuant to the provisions of the statute in such cases made and provided declaring that the decision of the Board of Assessors is erroneous and ordering that the Board of Assessors allow petitioner a further exemption on his assessment in the amount of $900.00 or whatever exemption the Court calculates, together with such other and further relief as to the Court may seem just and proper, together with the costs and disbursements of this proceeding.”
Petitioner and his wife own real property in the City of Norwich assessed at $5,300, and petitioner receives a veteran’s exemption of $2,200. He is a veteran of World War II who, after his discharge from active military duty, attended college under the G. I. Bill of Bights from September, 1946 through January, 1951. During this time, it is alleged, petitioner resided with his parents whose home was within commuting distance of the school attended by petitioner. The parents provided room and board, and the Government paid petitioner’s tuition and provided an “ B. O. T. C. allowance ” of 61 approximately $30.00 a month. ’ ’
Attached to the petition, as Exhibits “A” and “ B,” are photostatic copies of pages of bank deposit books which show that petitioner had in excess of $1,000 in a savings account at the Troy Co-operative Savings and Loan Association, and in excess of $1,200 in a savings account in The National City Bank of Troy during the years 1946 through 1951. It is alleged that this money was available for use for school expenses. During the period from September 25, 1946 through September 17, 1950 petitioner received $2,678.33 as subsistence allowance and attached a statement from the Veterans’ Administration to confirm this allegation. It is petitioner’s contention that instead of using the money in his savings account for college expenses he was able to use the subsistence allowance. Petitioner contends that there was a preservation in the amount of $2,622.88. There is no explanation of why his demand for further exemption is for $900 other than “ [the] figure of $900.00 was computed as one-third of the actual 'Subsistence Allowance.”
Section 458 of the Beal Property Tax Law provides that real property purchased by veterans with the proceeds of “ eligible funds ” shall be exempted from real property taxation to the *809 extent purchased with such eligible funds. Application for such an exemption must be made and there is a maximum exemption of $5,000. Petitioner now, with his wife, owns property in the City of Norwich, New York, a portion of the purchase price for which he claims constitutes ‘ ‘ eligible funds ’ ’ on which he should receive an exemption. It is not disputed that subsistence allowances constitute “ eligible funds ” to a limited extent. The limitation is that as to realty subsequently purchased, as in the instant case, the subsistence allowance is eligible to the extent savings above actual subsistence costs out of such allowance are utilized in purchase. (1949 Atty. Gen. 187.) “However, the assessors should allow an exemption only on clear and convincing proof by the veteran that the subsistence allowance did exceed his subsistence costs and that the excess was used for the purchase of real property.” (1964 Atty. Gen. 106, 107.)
It is alleged that on July 13, 1965, “ Grievance Day ” in the City of Norwich, New York, petitioner appeared before the Board of Assessors of the City of Norwich. Petitioner requested that he be allowed a “ further exemption ” on his real property assessment “ for between one-third and one-fourth of his subsistence allowance ’ ’ which he contends he saved and which constitutes “ eligible funds ” under section 458 of the Beal Property Tax Law. The Board of Assessors denied the request for further exemption.
The respondents oppose the petition on several grounds. They argue that the “ subsistence allowance constitutes eligible funds for exemption purposes only to the amount, if any, in excess of the reasonable cost of the Veteran’s actual subsistence cost, and the use of other funds belonging to the Veteran in lieu of his subsistence allowance does not permit any unused portion of the subsistence allowance paid as eligible funds.” It is urged that petitioner failed to prove to respondents at the “ Grievance Day ” hearing “that he used any funds for living expenses while in college other than the actual subsistence allowance, [and] failed to prove the actual reasonable cost to him of his living expenses during the period the allowance was received ”. Respondents infer that authority for their reasoning is to be found in the language of a form “ Application For Veterans’ Exemption From Real Property Taxes ” which they have attached to their motion papers for the court’s consideration. There was no showing that the form is one published by the State of New York.
Respondents also challenge the procedural propriety of this proceeding. They contend that the petitioner’s remedy is exclusively under article 7 of the Real Property Tax Law, and *810 the failure to institute the proper proceeding within the time allowed is a jurisdictional defect barring the relief sought. Respondents’ answer asserts:
“ 2.. Section 702 of the Real Property Tax Law requires that a proceeding to review an assessment must be commenced within 30 days, after filing of the assessment roll and publication of notice of filing. The assessment roll in question was filed August 31, 1965, notice was posted as required by the Norwich City Charter on September 1, 1965, notice of filing was published on September 2,1965 as required by the Real Property Tax Law, but petitioner’s notice of petition and petition was served on no one until October 5, 1965, more than 30 days after the filing and notices as aforesaid.
“ 3. Section 708 of the Real Property Tax Law requires the delivery of three copies of the petition and notice to the clerk of the assessing unit. In this proceeding no copies were delivered to. the clerk of the assessing unit and one copy only was served upon one of the above named respondents.”
The basic question for determination by this court is whether the proceeding pursuant to article 78 of the CPLR is available to the petitioner as an alternative to. a proceeding under article 7 of the Real Property Tax Law.
An article 78 proceeding now serves in place of the remedies formerly known as certiorari to review, mandamus and prohibition.
CPLR 7803 provides: “ The only question that may be raised in a proceeding under this article are:
‘ ‘ 1. whether the body or officer failed to perform a duty enjoined upon it by law; or
‘ ‘ 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
1 ‘ 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
‘ ‘ 4. whether a determination made as a result of a hearing-held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.”
In McKinney’s Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 7801, p. 17) it is stated: “ The language of CPA § 1283 ‘ The classifications * * * of certiorari to review, mandamus and prohibition are hereby abolished ’ was omitted in recognition that the adoption of Article 78 of the CPA (now Article 78 of the CPLR) left untouched the *811 substantive rights formerly enforced under the writs, merely eliminating procedural distinctions
In Matter of Colonial Beacon Oil Co. v. Finn (245 App. Div. 459, affd. 270 N. Y. 591) the court stated (p. 461)A peremptory order of mandamus may be granted only to enforce a clear legal right. The mandamus issues to compel the performance of official duty clearly imposed by law, where there is no other adequate specific remedy. <:= * * Its function is to compel the doing of a specific thing based upon a legal right.”
In Matter of Irving v. Finger Lakes Comm. (12 Misc 2d 1087, 1088, 1089) the court succinctly pointed out: “ Mandamus as it is generally thought of, is a two-pronged remedy; it is available both to compel performance of a duty specifically enjoined by law, and to review an administrative determination arrived at otherwise than as the result of a prescribed quasi-judicial hearing (1 Benjamin on Administrative Adjudication in the State of New York, p. 351). " * * At the outset of any consideration of the availability of mandamus (in either form) here, the court is met with the proposition that the petitioners must establish a clear legal right to the relief sought. (Matter of Pruzan v. Valentine, 282 N. Y. 498, 501; Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 684; 1 Benjamin on Administrative Adjudication in the State of New York, p. 352.) ”
The property of the petitioner was assessable. The respondents, as Assessors, acted with jurisdiction in making the assessment. That the assessment is valid and legal is not here in dispute. The respondents had full power to consider any application made by petitioner, and to grant a further exemption if satisfied that the applicant was entitled to the exemption. We have then a claim or contention, at the most, of an erroneous assessment, or one of excess valuation for the purpose of taxation, a matter in which the only relief is article 7 of the Real Property Tax Law. A taxpayer may not seek relief in this type of case outside the remedy afforded by the Real Property Tax Law which provides an adequate and exclusive remedy.
The procedure for review of real property tax assessments is statutory and must be strictly followed. A review of the assessment is only obtainable by compliance with the Statute of Limitations contained in the Real Property Tax Law, and failure to comply constitutes a jurisdictional defect barring a review of the assessment. Any other conclusion would throw the entire procedure of the assessment of real property into confusion. As stated in Matter of Irving v. Finger Lakes Comm. (supra, p. 1090): “ In the final analysis the court is faced with the *812 proposition that to allow this proceeding would extend the scope of the remedy afforded by article 78 beyond anything which has been brought to the court’s attention. The petitioners are asking the court to allow a proceeding which, either in the exercise of its discretion or under the law as it exists today, the court feels it cannot allow.”
Section 458 of the Real Property Tax Law entitled “Veterans” (subd. 1, par. [1]) provides: “.Such property shall be assessed in the same manner as other real property in the tax districts. At or before the meeting of the assessors to hear the complaints concerning assessments, a verified application for the exemption of such real property from taxation may be presented to them by or on behalf of the owner thereof, which application must show the facts on which the exemption is claimed, including the amount of eligible funds used in or toward the purchase of such property.”
The petition in the instant proceeding states that “ the petitioner requested that he be allowed a further exemption.” There is no allegation that a verified application was presented, nor has a copy of such application been submitted in this proceeding.
The court concludes that the proceeding should be dismissed, without costs.