Howard T. Hogan, J.
In this article 78 proceeding, the petitioner seeks judgment annulling a “ decision ” of the Board of Assessors of Nassau County.
The facts are uncontroverted. Petitioner owns real property on the southeast corner of Jericho Turnpike and Waterbury Lane in Westbury, New York, described on the Nassau County Tax Map as Section 11, Block 372, Lot 6. It was improved as a gasoline filling station.
In July, 1966, the State of New York vested title to a portion of petitioner’s property. By order dated October 25, 1966, the Board of Assessors apportioned the subject parcel so as to reflect that portion of the premises which was taken by the State as now being removed from assessment to petitioner. Prior to the apportionment, the property was assessed: land, $9,110; building, $8,848; total, $17,950. After apportionment, the assessed value of the parcel still owned by petitioner is: land, $6,620; building, $8,217; total, $14,840, or $3,110 less than before the fact.
*70 Petitioner asserts that the board neither gave notice to the petitioner that the land was to be apportioned, nor held a hearing, nor gave the petitioner opportunity to present its views as to the manner that the apportionment was made. It further appears from petitioner’s papers that, had petitioner known of the proposed apportionment, it would have urged that the assessment on the remaining property be substantially reduced.
With respect to the right of the Board of Assessors to apportion property under these circumstances, section 603 of the County Government Law of Nassau County provides that the board “ shall make such changes in the county land and tax map as from time to time may be necessary to keep such map accurate ”. (L. 1936, ch. 879, as amd. by L. 1946, ch. 708.)
A necessary corollary of this duty is apportionment, where, as in this case, it learns of a partial taking of a tax lot. This court can perceive no legal basis for any requirement that the board establish or apportion tax lots on notice. If an owner wishes to apply for an apportionment, section 6-23.0 of the Administrative 'Code (L. 1939, ch. 272, as amd.) provides such procedure. Moreover, petitioner’s papers do not assert that it is assessed for property it does not own, but only that the assessment on its remaining property is too high. This question is only reviewable in a proceeding under the Beal Property Tax Law. Absent such proceeding, the court has no jurisdiction to review the amount of the assessment and the petition herein must be dismissed without costs (People ex rel. New York & Harlem R. R. Co. v. Board of Taxes & Assessments, 166 N. Y. 154; Bierman v. Boyland, 125 N. Y. S. 2d 86; Matter of Petley v. Hall, 48 Misc 2d 807).