In the Matter of SAMUEL M. COOMBS, JR., as Receiver of WALKER CEMENT PRODUCTS Co., INC., Respondent, against LOUIS F. EDWARDS et al., Constituting the Council of the City of Long Beach, Appellants.

362

Argued April 5, 1939; decided May 23, 1939.

*Bernard H. Reich, Corporation Counsel,* for appellants. A mandatory order may issue only for an enforcement of a clear, legal right and even after such right has been established the court must determine whether in the exercise of a sound discretion it shall grant or withhold the order. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464; *People ex rel. Commissioners* v. *Supervisors,* 22 How. 275; *People ex rel. Clements* v. *Williams,* 100 Misc. Rep. 569; *People ex rel. East Side Harlem S. Assn.* v. *Hylan,* 118 Misc. Rep. 341; 202 App. Div. 745; *People ex rel. Breckenridge* v. *Village of Ocean Beach,* 207 App. Div. 821; *Matter Burke* v. *Connolly,* 76 Misc. Rep. 342; *Matter of Waverly,* 35 App. Div. 38; 158 N. Y. 710; *Matter of Hart,* 159 N. Y. 278; *Matter of Black* v. *O'Brien,* 264 N. Y. 272; *Matter of Warehousemen's Association* v. *Cosgrove,* 241 N. Y. 580.) The circumstances presented to the court at Special Term were adequate to justify it in the exercise of a sound discretion in denying the application for a peremptory order. (*East St. Louis* v. *Amy,* 120 U. S. 600; *Deere* v. *Board of County Commis-*

*sioners,* 33 Fed. Rep. 823; *United States ex rel. Baer* v. *City of Key West,* 78 Fed. Rep. 88; *City of Cleveland* v. *United States,* 166 Fed. Rep. 677; *Graham* v. *Quinlan,* 207 Fed. Rep. 268; *City of Asbury Park* v. *Christmas,* 78 Fed. Rep. [2d] 1003; *County of Nassau* v. *City of Long Beach,* 272 N. Y. 260.) The revision of the Special Term's discretion was manifestly improvident. (*Matter of Dederick,* 77 N. Y. 595; *People ex rel. D. L. I. Co.* v. *Jeroloman,* 139 N. Y. 14; *Matter of Martin,* 255 N. Y. 359; *People ex rel. Commissioners* v. *Supervisors,* 22 How. 275; *People ex rel. Wood* v. *Assessors,* 137 N. Y. 201.)

*Robert Emmet Connolley* for respondent. The petitioner had a clear legal right to the issuance of a peremptory order requiring the inclusion of his judgment in the city's budget. (Cons. Laws, ch. 24, §§ 82, 83; Laws of 1922, ch. 635, § 101; *Matter of Wingate* v. *McGoldrick,* 279 N. Y. 246; *Matter of Rosenthal* v. *McGoldrick,* 279 N. Y. 688; *Matter of O'Connell* v. *Gold,* 243 App. Div. 812; *Matter of Steinway,* 159 N. Y. 250.)

FINCH, J. This is a proceeding by which one of a number of creditors, whose claims comprise a so-called floating indebtedness, seeks to obtain compulsory payment of his debt ahead of those holding similar claims.

The question presented for decision is whether a mandatory order may be denied on the ground that to grant the order would be preferring this creditor over other creditors of the same class, it not having been shown that there are sufficient funds available at this time, without crippling the city, to pay all the floating indebtedness.

Facts sufficient to show the question raised and the decision are briefly as follows: The petitioner sold building material to the city after 1932, when the city had a large floating debt incurred during the years 1925–1931, which it then appeared impossible for the city to liquidate except by proportionate payments of equal amounts over the course of approximately ten years. Since September, 1932, respondent has been receiving payments on account

of the principal of his debt and interest at six per cent. In 1935 the county of Nassau sued the city of Long Beach for taxes collected and due, but not paid, to the county, and recovered a judgment for approximately $430,000. Thereafter this court, exercising discretion as to the manner in which the judgment should be paid, required only that ten per cent be included in each annual budget, beginning in 1936.

Of the petitioner-respondent a receiver was appointed by the Court of Chancery in the State of New Jersey in June, 1932. His duties have been completed except for the collection of this judgment, which was entered in December, 1937. He is anxious to expedite the collection of this debt so that the receivership may be sooner closed.

Since the beginning of this litigation the city has omitted to make the *pari passu* payments upon this claim.

This is an application for an order to compel performance of an alleged duty. Obviously such order takes the place of the old writ of mandamus. It is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use. Even then the court may consider by way of defense the hardship and injustice to the defendant, the conduct of the applicant and the interest of third persons. Although the order is classed as a legal remedy, equitable principles largely control its issuance. (*Duncan Townsite Co.* v. *Lane*, 245 U. S. 308.) While the applicant must present an issue for the enforcement of a clear legal right, yet even then the court may determine whether, in the exercise of a sound discretion, it shall grant or withhold the order. (*Matter of Durr* v. *Paragon Trading Corp.*, 270 N. Y. 464.) It may be added that such an order is primarily one resting in the sound discretion of the court, and only where the case presented shows no room for the exercise of a reasonable discretion may it be held, as a matter of law, that there has been an abuse of discretion. While not exclusive, certain recognized cases of inequities present

defenses to the issuance of the order. The case at bar comes within such a defense. (*Matter of Warehousemen's Assn.* v. *Cosgrove*, 241 N. Y. 580.)

The circumstances here presented to the court show a small city in financial difficulties and endeavoring to liquidate a large floating indebtedness by including such percentage for payment in its annual budget as will not impose too great hardship upon its taxpayers. The latter are already subject to a tax rate of between four dollars and four dollars and fifty cents per $100 of assessed valuation.

A refusal to issue a mandatory order, except to the extent of spreading a tax levy over several years, has been found a proper exercise of judicial discretion. (*County of Nassau* v. *City of Long Beach*, 272 N. Y. 260; *East St. Louis* v. *Amy*, 120 U. S. 600, 604.) In the case at bar we not only have an unusual hardship upon the taxpayers unless the tax levy is spread over several years, but, in addition, to permit this petitioner to succeed would be to enforce a preference over other creditors having equal rights. The rights of this receiver are not greater than those of the insolvent corporation of which he is receiver. For both of the above reasons Special Term was justified in the exercise of a reasonable judicial discretion to deny the enforcement of its judgment by a peremptory order. Any other result would amount to a grave abuse of discretion. (*County of Nassau* v. *City of Long Beach, supra; East St. Louis* v. *Amy, supra.*)

It follows that the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Ordered accordingly.