Per Curiam.

On June 3, 1948, the board of education of Union Free School District No. 9 of the town of Cheektowaga, Erie County, entered into a contract in writing with J. Ernest Wilson, petitioner herein, whereby it employed him as superintendent of schools for a term of five years commencing July 1, 1948, at a salary of $6,000 a year. On July 19, 1949, the board by resolution terminated his employment. On September 24, 1949, Mr. Wilson instituted this proceeding by petition under article 78 of the Civil Practice Act in which he seeks an order directing the respondent board of education to forthwith restore him to the position of superintendent of schools and to pay him the salary thereof from July 19, 1949.
On the return day, upon prior notice to petitioner, respondent raised the objection in point of law (Civ. Prac. Act, § 1293) that the relief sought by petitioner was not available to him in a proceeding under article 78.
*483 From an order of the Special Term dismissing the petition, the petitioner appeals.
The order sought by petitioner is one in the nature of the former writ of mandamus to compel performance of an alleged duty imposed by law. Such an order is available “ only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary suit at law. The burden is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use.” (Matter of Coombs v. Edwards, 280 N. Y. 361, 364. See, also, People ex rel. Mygatt v. Supervisors of Chenango Co., 11 N. Y. [1 Kernan] 563, and Matter of Pruzan v. Valentine, 282 N. Y. 498.)
Petitioner’s contract gives him no tenure rights under sections 3012 and 3013 of the Education Law and his position is in the unclassified civil service (Civil Service Law, § 9), hence petitioner’s only remedies are an action at law for damages for breach of contract or an appeal to the Commissioner of Education under section 310 of the Education Law. (See Lorenz v. Board of Education, 264 N. Y. 591.)
The order should be affirmed, with $20 costs and disbursements.
All concur. Present • — • Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.
. Final order affirmed, with $20 costs and disbursements.