Owen McGivekn, J.
Petitioner moves for an order to set aside the nomination and election of respondent Maurice Gold-stein, as grand master of the respondent fraternal order, Brith Abraham, and for an order directing that the grand lodge of said order hold a special convention for the purpose of reviewing nominations for this office, or in the alternative a declaration that petitioner, a defeated candidate for this office, is the duly elected officer to such position.
It is urged that the election of the respondent Goldstein was in violation of a provision of the fraternal order’s constitution which provides that no elected member of the executive board, except the grand secretary, shall hold office for more than two years, with certain exceptions not pertinent to this proceeding. The respondents concede the election of respondent Goldstein resulted in his holding office for a period of more than two consecutive terms but seek to justify same by asserting that “ in accordance with established practice, custom and usages of the Order ” the delegates in convention assembled had the right to and did suspend the effect of this constitutional provision. In support of this position they make reference to four previous occasions going back to the 1920s on which the operation of this prohibition was suspended for the purpose of enabling a continuance in office of candidates who had already served a two-year term. Respondents further assert that by such established practice, custom and usages there has been given a practical construction to this constitutional provision, justifying the adoption of the resolution preliminary to the election, under the terms of which the respondent Goldstein was permitted to be a candidate for this office.
The language of the provision here in issue, however, leaves no room for ambigmity and it is clear that there has been a breach of the constitutional provision. The respondents’ argument of “ practical construction ” completely loses its force when it is further noted that the resolution enacted in previous instances spoke in terms of a “ suspension ” of the constitution.
The relief herein sought takes the place of the old writ of mandamus, and though the order sought is classed as a legal remedy, equitable principles largely control its issuance. (Duncan Townsite Co. v. Lane, 245 U. S. 308.) And the burden rests with the applicant to demonstrate the necessity and propriety of its use. (Coombs v. Edwards, 280 N. Y. 361.) Even though a prerequisite is that clear legal right be established, the court *915 must, nevertheless, determine whether the exercise of sound discretion requires the grant or denial of the order. (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 467; Matter of Pruzan v. Valentine, 282 N. Y. 498.)
This court is loathe to subject the delegates and the fraternal order to great inconvenience and substantial expense, to the detriment of its beneficent charitable purposes. The court in reaching this conclusion is not only mindful of the fact that the holding of a special convention for the sole purpose of electing a new grand master would require the attendance of delegates from 12 States wherein the respondent Brith Abraham has subordinate lodges, but of the further fact that the next annual convention of the order is now scheduled for commencement on May 30 next. It does not appear to this court the time differential warrants the imposition of the hardship and costs incidental to the calling of a special convention, and petitioner’s title to office cannot be determined in this proceeding. (Moir v. Provident Sav. Life Assur. Soc., 127 App. Div. 591.) Accordingly, in the court’s discretion, this petition is dismissed.