William C. Hecht, Jr., J.
Petitioner seeks to annul the determination of respondent which declared that he was not qualified for the position of “ Investigator ” because of previous unsatisfactory public employment. The record shows that petitioner passed an open competitive city examination for the position of Investigator and received List No. 24 on the tentative eligible list for such position. After a hearing held on June 28, 1961, petitioner was notified by respondent that he was marked “not qualified” by reason of “previous unsatisfactory employment”. On October 19, 1961, this determination was affirmed by the City Civil Service Commission. It is petitioner’s contention that he was rejected by respondent because of two “ below average ” ratings he received while in the city’s employ from former supervisors who were purportedly antagonistic as a result of his union activities. While such “ antagonism ” may *214 or. may not be the fact, the issue here is whether respondent’s conduct in marking .petitioner 1 ‘ not qualified ’ ’ was unreasonable and ..capricious......
■ It ..clearly appears from the papers before the court- that the determination which petitioner is seeking to challenge is supported by his record of employment. While employed by the Department of Hospitals, petitioner’s services were unsatisfactory. His appeal from such ratings was denied. This court may not now substitute its judgment for that of the proper and qualified administrative officer. In addition to these ratings, petitioner was involved in an incident of “ striking an inmate ” while he was employed in the Department of Correction. Respondent’s investigative report indicates that petitioner resigned before any charges were brought against him. It is well established that the courts, in the absence of clear proof that the action complained of was illegal or arbitrary and eápricious, will not interfere with an administrative ruling (Matter of Pruzan v. Valentine, 282 N. Y. 498). Here, in the light of petitioner’s employment record, together with his testimony at the hearings which substantiate his conduct in the Department of Correction, there is ample justification for the conclusions reached by respondent. The action of the Civil Service Commission, after a full statutory hearing, cannot be deemed to be arbitrary, capricious or contrary to law. Accordingly, the application is denied and petition dismissed.