Mark A. Costantino, J.
In this article 78 proceeding in the nature of a writ of mandamus petitioner seeks an order enjoining and restraining the respondent, the Board of Education of the City of New York, from taking any action or proceeding towards the removal of the petitioner from his position as Superintendent of Schools of the City of New York. Respondent cross-moves for an order dismissing the petition on the ground that it fails to set forth facts sufficient to entitle the petitioner to the relief requested.
At the outset the court wishes to commend counsel for both sides for their excellent presentation of the matter and their treatment of the subject in their briefs.
The facts briefly as set forth in the petition reveal the following: By resolutions adopted by the respondent on November 1, 1962, and March 27, 1963, the petitioner was appointed to the position of Superintendent of Schools of the City of New York for a term of 6 years commencing April 15, 1963. On March 4, 1965, respondent, at an informal meeting, adopted a resolution ordering the petitioner to take an involuntary leave of absence with pay for 90 days. Thereafter, at a public meeting on March 25, 1965, respondent ratified the action taken at the informal meeting. The petitioner then states, on information and belief, that the respondent has been and is threatening to remove the petitioner from his position as Superintendent of Schools.
It is conceded that petitioner was appointed to his position pursuant to the provisions of section 2565 of the Education Law, which provides, as pertinent herein, that “ [a] superintendent * * # shall hold his position in a city having a population of two hundred fifty thousand or more for a period of six years from the date of his appointment subject to removal for cause, and in all other cities subject to the pleasure of the board of education, except that in such other cities the superintendent of schools may be appointed for a term of not to exceed five years.” (Emphasis supplied.)
It is to be noted that the relief being sought by the petitioner specifically seeks a restraining order, preventing the respondent from moving to dismiss him as the Superintendent and does not refer or relate to the previous action taken by the respondent.
Under the circumstances, the basic issue is whether the Board of Education of the City of New York possesses the power to remove its Superintendent of Schools, after exercising its statutory power to retain or hire him, or whether section 306 of the Education Law is the sole exclusive statutory procedure.
Paraphrasing the contents of section 306, it appears that the State Commissioner of Education is vested with the power to *989 remove from office a Superintendent of Schools after a hearing, where it is proved to his satisfaction that such school official was found guilty of any willful neglect of duty or of a willful disobeyance of any decision, order, rule or regulation of the Regents or Commissioner of Education. In examining the contents of section 2565, as heretofore indicated, the section is specific in permitting a Board of Education in cities of 250,000 or more to terminate such employment for cause.
It thus becomes apparent that the Legislature, in promulgating and enacting both sections, did not intend to grant the State Commissioner of Education sole exclusive authority and jurisdiction to pass upon such removal, but rather gave concurrent jurisdiction and power to Boards of Education in cities of 250,000 or more.
The only difference between Boards of Education in cities with a population of 250,000 or more (including New York City) and Boards of Education with a population of less than 250,000 is that the Board of Education in the larger cities can only remove their Superintendents for cause, whereas in the smaller cities the Board of Education can remove their Superintendents at pleasure. The power to remove, however, exists. (Matter of Hartwell, 41 N. Y. St. Dept. Rep. 302, 306; Matter of Smith, 1 N. Y. Educ. Dept. Rep. 536-537.)
A close examination of the removal powers of the State Commissioner of Education and the Board of Education reveals that they may depend on circumstances entirely different in nature, however not inconsistent with each other but concurrent. The Commissioner of Education being the centralized overseer of the several school systems is empowered to remove personnel only for willful violations or acts or neglect of duty, and is so limited. (Matter of MacPherson, 2 N. Y. Educ. Dept. Rep. 178; Matter of Faillace, 71 N. Y. St. Dep. Rep. 41; Matter of Edwards, 37 N. Y. St. Dep. Rep. 691.)
In contrast, under section 2565, the power of the Board of Education to remove Superintendents may be either for “ cause ” or at “ pleasure ” depending upon the size of the city under the jurisdiction of the particular Board of Education. Obviously, the power to remove for “ cause ” is broader than the power to remove only for willful violations. It is clear, therefore, that the Commissioner’s power of removal under section 306 is not inconsistent with the concurrent power in the respondent to remove the petitioner herein for “ cause
If the intention was that the appointing Board of Education could not remove the Superintendent, and that only the Com *990 missioner of Education could do so, no useful purpose would be served by the words “ subject to removal for cause ”.
The court having determined that the respondent has the authority to remove for causé, the petition must be deemed insufficient and premature as no action has been taken as yet by the respondent to remove the petitioner for cause. Until the respondent takes such affirmative action, there is nothing before this court to pass upon. Whether the Board of Educa-tion has cause for such a removal is not before this court and it cannot pass upon the supposition that it does not exist.
It is well settled that an application for an order in the nature of a writ of mandamus will not lie if the petitioner has an adequate remedy at law and it is employed only in cases where other remedies fail and the conditions surrounding its use are not found in the ordinary lawsuit.
The burden as thrown upon the applicant for the order to demonstrate the necessity and propriety of its usé. (Matter of Coombs v. Edwards, 280 N. Y. 361, 364; Matter of Pruzan v. Valentine, 282 N. Y. 498.)
In any event, it would appear that this court does not have the right or power to pass upon the action taken or to be taken by the respondent. Section 310 of the Education Law provides that any person conceiving himself aggrieved by any official act or decision of any school authority may appeal or petition the Commissioner of Education to examine and decide whether such act or acts were proper. In a closely related situation affecting a Union Free School District where a Superintendent was retained for a five-year term and whose employment was terminated within a year, the court in Matter of Wilson v. Board of Educ. (276 App. Div. 482) held that the only remedy for the petitioner therein was either an action at law for damages for breach of contract or an appeal to the Commissioner of Education under section 310.
Under the circumstances, tlie cross motion to dismiss for insufficiency is granted and the petition is denied.