■ Morris Alterman, Individually and as Administrator of the Estate of Sarah Alterman, Deceased, Respondent, v. Maimonides Hospital of Brooklyn et al., Defendants, and Henry Gross et al., Appellants.— Motion by respondent to dismiss appeal of defendants Nelson and Franco from order granting respondent's motion for a continuation of their examinations before trial and to direct them to give answers to certain questions previously propounded. Motion granted. The order is not appealable (*Lee* v. *Chemway*, 20 A D 2d 266). We do not pass upon the competency of these defendants to testify as expert witnesses. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ Board of Education, Union Free School District No. 6, Town of Babylon, Suffolk County, and Town of Oyster Bay, Nassau County, Appellant, v. Board of Cooperative Educational Services, Third Supervisory District, Suffolk County, et al., Respondents.— In a proceeding under article 78 of the former Civil Practice Act (1) to compel a board of co-operative educational services to refund a budgetary surplus, (2) to compel the sale of a certain tract of land and the distribution of the proceeds to certain school districts and (3) to declare a certain lease-purchase agreement to be illegal, petitioner appeals from a judgment of the Supreme Court, Suffolk County, entered September 7, 1965, which denied the petition and dismissed the proceeding. Judgment affirmed, without costs. We are of the opinion that the holding of the Court of Appeals in *Matter of Board of Coop. Educational Servs.* v. *Buckley* (15 N Y 2d 971) did not reverse our holding (21 A D 2d 784) that boards of co-operative educational services organized pursuant to section 1958 of the Education Law have no authority to purchase real property. However, petitioner has demonstrated no clear legal right to the relief sought. The statute does not compel the return of budgetary surpluses by a board of co-operative educational services prior to its dissolution. Further, petitioner has failed to demonstrate that it has standing to object to what is apparently an executed *ultra vires* act. In such a case of arguable legal circumstances, the remedy of an article 78 proceeding in the nature of mandamus is not available (*Matter of Alweis* v. *Wagner*, 14 N Y 2d 923; *Matter of Coombs* v. *Edwards*, 280 N. Y. 361). Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.