In the Matter of THEODORE S. WEISS, Petitioner, *v.* CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, September 14, 1966.

*Jesse H. Brenner* for petitioner. *Sidney Brandes, Helen R. Cassidy, James P. McMahon* and *Edw. L. Cox, Jr.,* for New York City Transit Authority, respondent. *J. Lee Rankin, Corporation Counsel (John J. Loflin* of counsel), for City of New York, respondent.

GEORGE M. CARNEY, J. This proceeding in the nature of mandamus is brought pursuant to article 78 CPLR. The application is denied and petition dismissed.

Petitioner seeks relief in two forms: a declaratory judgment to the effect that no legal impediment exists which would bar the Mayor from making available to the New York City Transit Authority the sum of $84,300,000, and relief in the nature of mandamus commanding the City of New York to turn over or to make available to the Transit Authority the sum of $84,300,000, and commanding the Transit Authority to accept, and upon receipt of that sum, to restore the subway fare to 15 cents.

The Transit Authority is a creature of State legislation. Its powers and its relationship with the city are set forth in sections 1200 to 1221 of the Public Authorities Law. Subdivision 1 of section 1202 provides as follows: " § 1202. Purposes of the authority. 1. The purposes of the authority shall be the acquisition of the transit facilities operated by the board of transportation of the city and the operation of transit facilities in accordance with the provisions of this title for the convenience and safety of the public on a basis which will enable the operations thereof, exclusive of capital costs, to be self-sustaining."

The intent of the Legislature that the Transit Authority should be self-sustaining is further supported by its enumeration in section 1203 of the Public Authorities Law of the costs to be borne by the city. These costs do not include payments to maintain the fare at any given rate. In fact, section 1205 of the Public Authorities Law re-emphasizes the self-sustaining nature of the Authority, and empowers it to adjust the rates when necessary to maintain the operations of the Authority on a self-sustaining basis.

Section 1205 of the Public Authorities Law (as last amd. by L. 1964, ch. 513) reads as follows: " 1205. Rates of fare. Notwithstanding the provisions of any other law, the terms of any contract or franchise, the authority shall have the power at all times to fix or adjust the rate or rates of fare to be charged for the use of any transit facility operated by the authority as may in the judgment of the authority be necessary to maintain the operations of the authority on a self-sustaining basis. The

operations of the authority shall be deemed to be on a self-sustaining basis, as required by this title, when the authority is able to pay from revenue and any other funds actually available to the authority, the expenses of operation of the authority as the same shall become due."

Petitioner contends section 1205 of the Public Authorities Law contains such a broad definition as to the meaning of " self-sustaining " that the Authority would be authorized to receive funds from any source. This contention would make the entire requirement of being " self-sustaining " meaningless and would prohibit the Legislature from keeping close control on the addition of new funds to be made available to the Authority when these funds are to be used to sustain the fare in the face of continuous deficits. When the city has made available to the Authority funds which could be used to maintain the fare, it has done so only on the authority of specific State legislation (L. 1964, ch. 513; L. 1965, ch. 187). The Legislature need not have enacted the enabling legislation if the Authority was free to receive funds from any source at all, and still be considered " self-sustaining ".

The State Legislature embodied in the provisions of the Public Authorities Law a strong public policy prohibiting deviation from the " self-sustaining " principle. The City Council is restricted within the meaning of the State Constitution (art. IX, § 2, subd. [c]) and Municipal Home Rule Law (§ 10, subd. 1, par. [ii]), from enacting local laws which attempt to repeal, supersede or modify the requirements of the Public Authorities Law that the fare shall be maintained on a self-sustaining basis. In addition, section 5 of article X of the New York Constitution reserves to the Legislature the exclusive authority to prescribe the purposes, powers and duties of public authorities. In the 1966 Session of the Legislature enabling legislation which would permit the city to make up all or part of the operating deficit of the Transit Authority was defeated and as a consequence, the 1966–67 city budget does not provide for payment by the city to make up the operating deficit of the Transit Authority.

Petitioner's prayer for relief seeks a declaratory judgment that would declare that the City of New York is not prohibited by any legal impediment from making available the sum of $84,300,000 to the Authority. This is a request for an advisory opinion, not a declaratory judgment. A declaratory judgment is proper to determine the constitutionality of a statute or to interpret the terms of an agreement where there is an actual controversy presented between adverse parties. The petitioner is asking the court to review the provisions of the proposed Local

Law No. 151. Since, from the papers there is no indication that the Mayor has taken any action on this bill the court would be rendering an advisory opinion. It is not proper for the court to intervene at this stage of the legislative proceedings, either in support of or in opposition to the proposed legislation. Petitioner must seek the remedy sought from the State Legislature and City Council, since no justiciable controversy as distinguished from a hypothetical dispute is presented to the court.

Petitioner seeks a command from the court to the city that it must turn over $84,300,000 to the Transit Authority and a command to the Transit Authority that it must receive that sum and restore the subway fare to 15 cents. This intrusion into the legislative process would be a violation of the New York City Charter and the Public Authorities Law. The 1966–67 New York City budget has been approved. Any modifications are subject to the procedures set forth in section 124 of the Charter.

Mandamus, a drastic remedy, should not be granted unless there is a clear legal right to the relief sought (*Matter of Pruzan* v. *Valentine*, 282 N. Y. 498). In the instant proceeding where the State has failed to pass enabling legislation and the Mayor has not approved the pending Local Law No. 151, an order in the nature of a writ of mandamus should not be issued.

The court, the judicial branch of government, finds no basis to enter the executive branch of government and cannot, by mandamus, since no justiciable controversy exists, interfere with the discretion that the Legislature has confided to executive officers of government.