Edwin R. Lynde, J.
The petitioner is a schoolteacher who has been employed by the respondent. She has been teaching for more than 10 years and is entitled to tenure. At the present time, she is-considered by the respondent to be on maternity leave without pay, a status which may continue until September, 1968. She has instituted this proceeding to compel the respondent to reassign her to her duties and position on a full-time basis as of September, 1967.
Judgment is granted in favor of the respondent.
Boards of Education of Union Free School Districts are entrusted by the Legislature with the superintendence, management and control of the educational affairs of the various districts and for that purpose have all the powers reasonably necessary to discharge the duties imposed upon them (Education Law, § 1709, subd. 33). They have the power and the duty to contract with and employ qualified teachers, to determine the number of teachers to be employed, and to adopt rules and regulations governing the excusing of absences of all teachers and *962 other employees and for the granting of leaves of absence to snch employees either with or without pay (Education Law, § 1709, subd. 16). A rule or regulation adopted pursuant, to such statutory authority may be set aside .by the courts only on a showing that the rule or regulation is without rational basis .(Matter of Meenagh v. Dewey, 286 N. Y. 292).
The petitioner’s plight arises out of the application to her situation of an administrative regulation adopted by the respondent in October, 1957. That regulation makes provision for maternity leave, as follows:

“ Maternity Leave

Teacher notifies Superintendent of Schools in writing as soon as she is cognizant of pregnancy, requesting leave. No teacher will be allowed to continue teaching after four months’ pregnancy.
Tenure teachers may be granted leave of absence without pay. Tenure teacher may return September 1st after leave is granted (if six months have elapsed since confinement) or September 1st of the following year.
Non-tenure teachers must terminate employment.”
In March, 1967, the petitioner applied for maternity leave. Her request was granted, leave becoming effective April 28,1967. Her child was born July 4, 1967. On August 16, 1967, she requested that she be restored to full-time teaching status and furnished to the respondent medical certificates indicating that she was physically capable of performing her duties. On August 21, 1967, the respondent notified the petitioner that she would not be able to return to her regular position and duties until September, 1968. Since September, 1967, she has been employed by the respondent' on a sporadic basis for irregular periods of time as a substitute teacher at the rate of pay provided for substitutes.
It is the petitioner’s contention that the regulation has no rational basis for existence and by its invocation in her case she has been deprived of her rights under the tenure laws, in that she has, in effect, been suspended for one year without the benefit of a hearing. In order for the petitioner to succeed, she must show that the regulation is arbitrary, illogical, or lacks relevancy to a policy within the authority of the respondent to adopt (1 N. Y. Jur., Administrative Law, § 106, p. 454).
The Commissioner of Education in Matter of Kabatt (52 N. Y. St. Dept. Rep. 59 [1935]) determined that a regulation which prescribed a maternity leave of absence for a period of two years from conception was not unreasonable, pointing out that in determining the extent of maternity leave the physical capability of the individual concerned roust be considered along with her *963 obligations to society to look after and rear the child, and that it would be unreasonable to expect a board of education to assume the burden and responsibility of ascertaining in each particular instance whether a mother is in such physical condition as to justify the board in reinstating her, adding that a school district should adopt a uniform rule in order to avoid trouble, annoyance and unfairness.
The petitioner claims that the ruling in Kabatt, based on a situation that existed 32 years ago, may not be applied in her case, that the concern with her physical well-being should be considered satisfied by the statements supplied by her physicians and the concern for her duty toward society is overshadowed by the necessity that she earn a living, and that in any event, the respondent’s objections cannot be based on such considerations since she has been permitted to work as a substitute teacher. She then concludes that the true purpose of the regulation is to benefit the school district and since no purpose or benefit has been demonstrated by the respondent, the regulation is arbitrary and, therefore, illogical.
The argument is not valid. The petitioner has overlooked or chosen not to mention the Commissioner’s observation in Matter of Kabatt that it is desirable that a uniform rule should be adopted by a school district. The respondent in oral argument and in its brief emphasized the necessity of insuring that a replacement be hired for a definite term. Trustees of school districts are required by law to enter into contracts with teachers (Education Law, § 3011). A school district cannot be expected to wait before making commitments until word is received from a teacher on maternity leave as to when she will return. The regulation in question gives the Board of Education an opportunity to make timely arrangements for replacements. It is significant that the petitioner nowhere contends that there is a vacancy on the teaching staff. She admits that she has been advised that if any vacancies occur in her certificated area during her period of leave, she may apply therefor.
While, as petitioner contends, the ruling of the Commissioner is not necessarily binding on the court, no valid reason has been given for departing from that ruling. “ Where a regulation is not inconsistent with and does not exceed the authority granted by the statute, the interpretation of the regulation by the commissioner is controlling, and will not be disturbed in the absence of weighty reasons ” (Matter of Luxenberg v. Stichman, 2 A D 2d 605, 607). By failing to eliminate all possible relevant reasons for enactment of the regulation, she has failed to establish a clear legal right to the relief sought and has not sustained the burden *964 imposed upon her for a successful attack on the regulation (Matter of Pruzan v. Valentine, 282 N. Y. 498).
The claim that there has been a violation of due process by treating persons on maternity leave as a class different from those on sick leave generally, is likewise untenable. A classification which is material and reasonable and operates on all persons in like circumstances is not discriminatory (9 N. Y. Jur., Constitutional Law, § 297).
Finally, her claim that there has been a violation of the tenure law is rejected. She argues that enforced maternity leave is, in effect, suspension. She is wrong. Suspension would not permit her to work as a substitute nor would there be any opportunity to return to normal status during the period of suspension.
Her dilemma is one that is brought about because of the primary obligation and duty of the respondent school board to furnish education to the students in the district and to do so as efficiently as possible within its budget. With the performance of that duty, this court cannot interfere.