George L. Cobb, J.
In this article 78 proceeding the petitioner, Pearl M. Symons, mother and natural guardian of her son, Lee B. Symons, seeks an order directing the Commissioner of Education and the State Education Department to determine petitioner’s application in behalf of her son under section 4407 of the Education Law, which provides fo.r instruction of certain handicapped children. The petitioner asks that provision be made for her son’s enrollment in a special school which would afford an education equivalent to a public high school education and that the financial assistance provided for in section 4407 be made available for such purpose.
The petition shows that Lee B. Symons was born on January 28, 1949 and that in infancy he sustained severe eye damage, which condition has proved to be incurable, and that the maximum visual acuity of his right eye is 20/200 plus and that of his left eye 20/200. In describing the efforts made to obtain instructional aid for Lee B. Symons, the petition sets forth that, commencing in 'September of 1964 and until December of 1968, the petitioner and her husband have had extensive correspondence with the State Education Department and have made numerous telephone calls to the department, and the petition further states: “ and in spite of my appeal, extending over a four (4) [year] period, for the aid and consideration to which my son was entitled by law, I was directed in a letter from said Department, *56 dated, December 6th, 1968 ‘ to seek a review of the administrative action in the Courts of this State ’, which is exactly what I am now doing in this proceeding. ’ ’ It appears that after Lee B. Symons graduated from elementary school in June of 1964, he attended several secondary schools within the State of New York until June 23, 1968,, when he graduated from the Long Beach, New York, high school. It is the petitioner’s contention that her son lacks the scholastic qualifications for admission to college for the reason that the public schools which he attended did not have facilities for the specialized instruction required by him because of his impaired vision, and that he has not been given the. education to which he is entitled. She feels that if he were able to retrace his secondary schooling in a school which is equipped to teach a child with a visual handicap, that he would be able to prepare himself for college acceptance.
In their answer the respondents allege, among other things, that the petition does not state facts sufficient to constitute a cause of action.
Subdivision 1 of section 4407 of the Education Law provides as follows: 1 ‘ When it shall appear to the satisfaction of the department that a handicapped child, who, in the judgment of the department can reasonably be expected to benefit from instruction, is not receiving such instruction because there are no adequate public facilities for instruction of such a child within this state because of the unusual type of the handicap or combination of handicaps, the department is authorized to contract with an educational facility located within or without the state, which, in the judgment of the department, can meet the needs of such child, for instruction of such child in such educational facility, and the department is further authorized to expend for such purposes a sum of not to exceed two thousand dollars per annum for each such pupil.” (Emphasis added.)
By section 4401 of the Education Law, a “ handicapped child ” is defined as: “ one who, because of mental, physical or emotional reasons, cannot be educated in regular classes but can benefit by special services and programs to include, but not limited to, transportation, the payment of tuition to boards of cooperative educational services and public school districts, home teaching, special classes, special teachers, and resource rooms.” (Emphasis added.)
The sections of tire Education Law (§§ 4401-4407) dealing with educational assistance to handicapped children require that instruction be provided to a child from his fifth birthday until the end of the school year during which he attains his 21st birthday. It appears from the petition that Lee B. Symons is now *57 over 21 years of age and is not enrolled in a public school within this State. He is not, therefore, under these sections of the Education Law, entitled to further public instruction.
Moreover, the successful completion of his high school education and the grant of a high school diploma to him is evidence of the fact that Lee B. Symons could be educated in regular classes without special assistance (Education Law, § 4401, subd. 1) and that the public facilities within this State were adequate for his instruction (Education Law, § 4407,. subd. 1).
Before mandamus will issue the petitioner must establish a clear legal right thereto. (Matter of Pruzan v. Valentine, 282 N. Y. 498; 23 Carmody-Wait 2d, New York Practice, § 145:106.) The papers before the court in this proceeding fail to establish that the petitioner has a clear legal right to the relief sought herein.
The petition is denied and the proceeding is dismissed.