OPINION OF THE COURT
George R. Peck, J.
The petitioner labels this instant application as being brought "pursuant to Civil [Practice] Law and Rules § 7803 in *279 the nature of mandamus to review.” The respondent moves for an order dismissing the within petition on the grounds that the within proceedings fail to state a claim upon which relief may be granted, pursuant to CPLR 3211.
Aji analysis of the facts sets forth the following:
The petitioner was first promoted to the position of “Building Maintenance Foreman” on June 30, 1986, and held that position up until January 28, 1997. The job title of being the “Building Maintenance Foreman” requires that the foreman have a valid class 5 driver’s license.
It is uncontroverted that the petitioner was arrested and charged with the crime of driving while intoxicated (hereinafter DWI) as a felony on September 16, 1996, which, by operation of law, required the revocation of the petitioner’s license to drive a motor vehicle. On or about January 28, 1997, the respondent removed petitioner from his position as foreman to the position of “Maintenance Mechanic II, Grade 14, Step 13.” The court differs with petitioner’s claim that he was “summarily demoted,” but instead, based on petitioner being charged with felony DWI, he no longer possessed a valid class. 5 driver’s license, which is one of the requirements of the job title of the “Building Maintenance Foreman.” Thus, petitioner’s action of being arrested for felony DWI is the cause of his demotion and not the action of the respondent.
The petitioner pleaded guilty on July 15, 1997 to felony DWI and was sentenced to five years’ probation along with having his license revoked.
The petitioner reacquired his license in March of 2000. When he was not reinstated to his former position, as he alleged was promised to him upon his license being restored, petitioner filed a grievance on or about July of 2000 with the Grievance Board for the Civil Service Employment Association for the Town of Hempstead. (In paragraph 5 of the respondent’s motion to dismiss, it is the respondent who alludes that an “alleged” promise was given to the petitioner that upon his reacquiring his license he would be reinstated to his former position.) The Grievance Board declined to review the petitioner’s grievance stating that the proper body petitioner should seek his redress to was the Civil Service Commission. However, instead of appearing before the Civil Service Commission the petitioner next brought an article 78 proceeding. The Presiding Justice, F. Dana Winslow, dismissed the petitioner’s article 78 application on the grounds that the statute of limitations had run on said proceedings. Further, the petitioner interpreted *280 Justice Winslow’s order as somehow directing that he make a formal written request of the respondent that he be reinstated to his former position as “Building Maintenance Foreman” before further judicial action could proceed. This court finds such interpretation of Justice Winslow’s opinion to be incorrect.
As set forth by the Court of Appeals in Matter of DeMilio v Borghard (55 NY2d 216 [1982]), governmental employees seeking review of their being discharged by way of an article 78 proceeding fall within three categories: (1) an employee is entitled to and receives a hearing, the proceeding is referred to as certiorari to review, (2) the discharged employee is entitled to, but does not receive a hearing, the proceeding would be referred to as a mandamus to compel, (3) the employée is not entitled to a hearing after being discharged, the proceeding is referred to as a mandamus to review.
As stated, Justice Winslow ruled that petitioner’s application was brought in the nature of a “mandamus to review” and as such the statute of limitations had run on petitioner’s application. The fact that petitioner’s counsel made a subsequent written request upon the respondent on March 7, 2002, somehow now develops into a formal request for reinstatement pursuant to the New York Civil Service Law and rules, enabling the petitioner’s application to now become timely, is an incorrect interpretation of the facts and the law.
The petitioner’s reliance on Civil Service Law § 76 to support his claim for a hearing is not supported by the statute.
“§ 76. Appeals from determinations in disciplinary proceedings
“1. Appeals. Any officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service, or suspension without pay, or a fine, or an official reprimand, unaccompanied by a remittance of said officer or employee’s pre-hearing suspension without pay, imposed pursuant to the provisions of section seventy-five of this chapter, may appeal from such determination either by an application to the state or municipal commission having jurisdiction, or by an application to the court in accordance with the provisions of article seventy-eight of the civil practice law and rules. If such person elects to appeal to such civil service commission, he shall file such appeal in writing within twenty days after service of written notice of the determination to be *281 reviewed, such written notice to be delivered personally or by registered mail to the last known address of such person and when notice is given by registered mail, such person shall be allowed an additional three days in which to file such appeal.”
As the court stated above, there was no penalty or punishment imposed by the respondent on the petitioner, but instead, the actions of the petitioner are the cause of his demotion. The fact that petitioner was arrested for felony DWI and his subsequent loss of his license is the cause of his demotion. The petitioner did not possess a valid class 5 driver’s license which is one of the requirements you must possess to be the “Building Maintenance Foreman.” The petitioner has failed to demonstrate to the court “a clear legal right” to the relief demanded. (Matter of Pruzan v Valentine, 282 NY 498, 504.)
As an aside and without making a determination, the court notes that it was the respondent who raised the issue that in consideration for petitioner not raising any objections to his demotion the respondent would possibly reinstate him to his former position when his license was reinstated. The court makes no determination as to whether or not this issue ripened into a legally enforceable contract right.
Accordingly, based upon the above noted, the petitioner’s application for a judgment pursuant to article 78 of the CPLR ordering the respondent to reinstate the petitioner to his prior position as “Building Maintenance Foreman,” along with reinstatement of other benefits associated with that position retroactively from the date of his demotion, is hereby denied and the respondent’s motion to dismiss is hereby granted.