Matter of Cassar v Condon (2018 NY Slip Op 07234)





Matter of Cassar v Condon


2018 NY Slip Op 07234


Decided on October 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-09716

[*1]In the Matter of Christopher J. Cassar, petitioner,
v
William J. Condon, etc., respondent.


Christopher J. Cassar, P.C., Huntington, NY, for petitioner.
John W. McConnell, New York, NY (Shawn Kerby of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent William J. Condon, a Justice of the Supreme Court, Suffolk County, to provide the petitioner with access to view and copy the court file in a matter entitled People v Hubbs, filed under Suffolk County Indictment No. 3306-08.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, to the extent that the respondent is directed to provide the petitioner with access to view and copy the court file in the matter entitled People v Hubbs, filed under Suffolk County Indictment No. 3306-08, on or before October 29, 2018, and the petition is otherwise denied as academic.
The petitioner has demonstrated that he has the right to have made available to him for inspection the subject court file (see Judiciary Law § 255-b; Matter of Werfel v Fitzgerald, 23 AD2d 306, 312). Contrary to the respondent's contention, this proceeding was not rendered academic by the petitioner's receipt from the respondent's counsel of the CPL 440 motion papers and exhibits, since the petitioner was deprived of access to the entire court file (see generally Matter of Triana v Board of Educ. of City School Dist. of City of New York, 47 AD3d 554, 557-558).
The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (see Matter of Maron v Silver, 14 NY3d 230, 249). While the ministerial duty to provide the public with access to certain court files for purposes of inspection lies with the clerk of the court (see Judiciary Law § 255-b), here, the respondent took possession of the subject court file from the clerk of the court and retained possession for many months. Although we agree with the respondent that a court file may be temporarily maintained in the chambers of a judge assigned to current applications, by maintaining possession of the subject court file, the respondent assumed the ministerial duty to provide the public with reasonable access to that file. Thus, under the particular circumstances of this case, the respondent's failure to perform this duty is subject to mandamus to compel. Furthermore, the petitioner has demonstrated a clear legal right to the relief sought, as he has been deprived of reasonable access to the court file to which he is statutorily entitled (see Judiciary Law § 255-b; see generally Matter of Pruzan v Valentine, 282 NY 498). Accordingly, we direct the respondent to permit the petitioner access to view and copy the subject court file on or before October 29, 2018.
In light of our determination, the remaining contentions have been rendered academic.
BALKIN, J.P., CHAMBERS, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court