In the Matter of Angela Drayton, Petitioner, *v.* Raymond S. Baron et al., Constituting the Board of Education of Union Free School District No. 15 of Lawrence, et al., Respondents.

Supreme Court, Special Term, Nassau County, January 23, 1967.

*John De Witt Gregory* and *Richard A. Seid* for petitioner. *Chave & Chave* for respondents.

WILLIAM R. BRENNAN, JR., J. This proceeding seeks a judgment requiring the Board of Education of Union Free School District No. 15, its Superintendent of Schools and the Principal of School No. 2 "to forthwith admit Johnnie May Drayton [a seven year old] to attendance at a school maintained in U.F.S.D. #15, and to provide her with the education required by the Education Law."

The petitioner, a resident of Inwood and of the district, asserts that she is the aunt of the child who resided with her mother in South Carolina until October 1, 1966; that since then the child has resided with the petitioner at the request and with the consent of the mother; that the petitioner has sole custody, care and control of the child; and that the petitioner therefore stands in a parental relationship to the child. The respondents' primary defense is that the petitioner has failed to offer competent proof of the residence of the child's parents and that the parents have surrendered parental control of the child (it may be noted that the petition makes no direct allegation that they have done so).

Upon seeking admission of her niece to school on or about October 15, 1966, the petitioner, having stated that she was the child's aunt and that the parent resided in South Carolina, was asked to supply a birth certificate, proof of the residence of the parents, and proof of the parents' relinquishment of parental control by abandonment, desertion or otherwise. On December 2, 1966, the petitioner, accompanied by a lawyer this time, again sought to register the child. The petitioner claims that at this time she produced a birth certificate (not a part of the papers before the court, although the allegation is denied by the respondents), and executed an affidavit accepting "full care and custody and full responsibility for the support and maintenance of Johnnie Mae Drayton, son/daughter [*sic*] of Pauline Drayton * * * of * * *, South Carolina."

The respondents then requested proof as to the residence of the parents and an affidavit on a form provided by them constituting a certification by the parents of the child that they thereby relinquished care and custody of the child to the petitioner. The petitioner characterizes this demand as unlawful

and concededly has not provided any proof, other than the fact that the child resides with her, to establish that parental care and custody has in fact been relinquished, although it is stated by counsel that efforts have been made to secure such proof (without explanation for the failure to do so).

Thus, the issue becomes a narrow one: May a school board and its agents as a condition to admitting to its program a child whose parents (or that one of them having exclusive legal custody) do not reside in the school district, but who is living in the district with a collateral relative, require proof (here in the form of a certification by the parents [or parent if one has exclusive legal custody]) that parental care and custody has been unequivocally relinquished by the parents?

The residence of a child for the purposes of school attendance is presumed to be in that district where the child's parents reside (*Matter of Horowitz* v. *Board of Educ.*, 217 App. Div. 233; *Matter of Duffy*, 75 N. Y. St. Dept. Rep. 25, 26; *Matter of Cannon*, 46 N. Y. St. Dept. Rep. 526, 527). This does not mean that a child may not have a residence in a particular district for school purposes although the child or his parents might be found not to be resident of the district in question (*Matter of Willoner*, 65 N. Y. St. Dept. Rep. 19, 20; cf. *Matter of Board of Educ.*, 60 N. Y. St. Dept. Rep. 27, 28). On the other hand a putative residence of a child in a district established with the purpose of taking advantage of school facilities therein does not require that the child receive its education therein at the expense of resident taxpayers (*Matter of Horowitz* v. *Board of Educ.*, supra; *Matter of Arciero*, 75 N. Y. St. Dept. Rep. 46, 47; *Matter of Ramirez*, 64 N. Y. St. Dept. Rep. 111).

What is apparent is that a factual determination must be made in each case not only as to the apparent care, custody and control of the child, but also as to the bona fide relinquishment of care, custody and control by the parent or parents of the child. As the Appellate Division, Second Department, in the *Horowitz* case (217 App. Div. 233, 238) stated: "While it may be that a minor child may acquire a residence apart from the parents without the statutory formalities, for instance where of necessity because of the poverty of the parents, sickness or for other good cause shown, the custody of the child is permanently transferred to a relative or to some other responsible person for the best interests of the child, the facts in such cases should be established by competent evidence. Such transfer of residence cannot depend upon the unnatural desire of a parent to rid himself or herself of the care of a child." (See, also, *Matter of Duffy*, 75 N. Y. St. Dept. Rep. 25, 26, supra.)

In the case at bar, the petitioner seeks a judgment directing the respondents to perform a duty enjoined upon them by law, to wit, to provide a free education for the infant pursuant to sections 3202 and 3212 of the Education Law. It is elementary that the petitioner must establish a clear, legal right to the relief sought in order to compel performance of the alleged duty (*Matter of Pruzan* v. *Valentine*, 282 N. Y. 498, 501; *Matter of Coombs* v. *Edwards*, 280 N. Y. 361, 364).

That clear, legal right to the remedy is not established by the papers before the court. Apart from other defects, there is no evidence of the relinquishment by the parents or responsible parent of the child of their care, custody or control. Even their actual residence is unstated. There is no evidence that such care, custody and control has been (to use the language of the *Horowitz* case) permanently transferred to the petitioner, the aunt of the child. There is no evidence of the nature of the efforts made to obtain from the parents or responsible parent a certification of such relinquishment or transfer, or, if indeed made, why they have been unsuccessful. There is no evidence as to who is actually financially supporting the child. This is but a recapitulation of some of the unresolved issues of fact.

Upon such a record, no such judgment as the petitioner seeks may properly be granted. The petition is, therefore, dismissed, without costs, and without prejudice to further proceedings after a new application has been presented and a proper evidentiary record has been made before the respondents, and an adverse determination made by them.