Daniel G. Albert, J.
This proceeding pursuant to article 78 of the OPLR is brought to obtain a judgment in the nature of a writ of mandamus compelling the respondent Board of Education and Superintendent of Schools to allow the infant children named in the petition and all others ‘1 similarly situated ’ ’ to register for and attend the public schools operated by the respondent board.
The petitioners are all recipients of public assistance and are among a group of such recipients who are presently occupying housing facilities at “Mitchell Gardens”, an apartment complex originally built to house personnel assigned to the Mitchell Field Air Base and owned, since the closing of that base, by the County of Nassau.
The petitioners apparently entered into occupation of the premises in the late spring or early summer of this year with the permission of Friends World College, which leased the property from the county until August 1,, 1970.
Thereafter, the petitioners have continued their occupancy of Mitchell Gardens and have received permits from the County’s Department of Real Estate to use the premises “ on a temporary month to month basis. ’ ’
Prior to the entry upon the premises in question, the petitioners had been housed in various motels by the County’s Department of Social Services.
The petition recites that the petitioners are the parents of 25 children of school age and, in addition, that one of the petitioners also cares for two other children of school age whose parents are unable to maintain them. Both of these children have been in that petitioner’s care for over a year.
It is not disputed that on August 26 of this year, when the petitioners presented .these children for registration at various elementary and secondary schools operated by the respondent Board of Education, the school authorities refused to register them. It is also not disputed that the Mitchell Garden facilities are located within the geographic bounds of the Uniondale School District.
Subdivision 1 of section 3202 of the Education Law provides that: “ A person over five and under twenty-one years of age is entitled to attend the public schools maintained in the district or city in which such person resides without the payment of tuition. ’ ’
The instant controversy arises from the contention of the respondent Board of Education and Superintendent of Schools that the families presently living at Mitchell Gardens are not *62 residents of the school district and, therefore, that the district is not required to admit the children of such families as students in its schools. The basis for this contention appears to be certain written statements made by county officials that the families are being allowed to remain at Mitchell Gardens “ona temporary basis pending the securing of different residential facilities for them. ’ ’
The issue presented is a novel one but, in the court’s opinion, its proper resolution is both simple and clear.
The court is not unaware of the controversy in the community and of the disagreements between county and Town of Hemp-stead officials that have been generated by the present use being made of the Mitchell Gardens facilities. These matters have received widespread and frequent newspaper publicity. The question of the legality and wisdom of that use, or of which governmental authority has jurisdiction over such a use of those facilities is not before the court and nothing herein should be construed, or misconstrued, as having any bearing upon those questions.
The fact remains that at the present time the petitioners reside within the Uniondale School District within the meaning of subdivision 1 of section 3202 of the Education Law. Therefore, their infant children and those infants who reside in their households and to whom they stand in loco parentis are clearly entitled to attend the Uniondale. public schools.
The term ‘ ‘ residence ’ ’ has been defined as requiring merely “ bodily presence as an inhabitant in a given place ” (Matter of Newcomb, 192 N. Y. 238, 250). The purpose of the statute quoted supra is to relieve a school district from the expense of educating children whose parents or legal guardians maintain distinct residences as their usual place of abode outside the school district (Matter of Board of Educ., Union Free School Dist. No. 6, Harrison v. Allen, 29 A D 2d 24; People v. Hendrickson, 125 App. Div. 256, affd. 196 N. Y. 551). But where, as here, the parents and guardians of the children have no other residence and the children dwell with them within the school district, although such residence may not be accompanied by an intention to dwell there permanently, the obligation of the district to provide such children with a free education is clear and unequivocal.
The Constitution of this State guarantees the right to public instruction to all children of the State (art. XI, § 1). Since the families involved herein have no other residences, whatever the reason, which school system, if not respondent’s, should these children turn to to exercise that right?
*63 Petitioners’ attorney is directed to submit a judgment on notice providing for the relief herein indicated with costs against the respondent Board of Education and Superintendent of Schools. Since the opening of school is imminent, the court, on its own motion, is issuing a short-form order on this day requiring the respondent board and its agents and employees to accept the registration of the infant children named in the petition and all others similarly situated in the appropriate schools and classes of the district prior to the opening of school for the coming year.