OPINION OF THE COURT
C. Raymond Radigan, J.
Heretofore and on the 27th day of October, 1981 a hearing in this matter was held before a Referee designated by the court (SCPA 506, subd 6). The record of that proceeding reveals the following facts which shall constitute the determination of the court. James Andrew Proios is an infant over the age of 14 years, having been born on June 3, 1966. This proceeding has been brought by this infant pursuant to SCPA article 17 for the appointment of a guardian of his person. The natural parents of James have filed a waiver of citation and consent for this relief and have participated in this proceeding along with the proposed guardian, Betty Patten, and the Uniondale School District. For his entire school life James has consistently and without interruption attended the Uniondale School District, having resided perhaps at more than one residence address with his parents. On August 24,1981 the infant’s parents and their family moved from the Uniondale School District and are presently residing at Hicksville, New York. There are three parcels of real property owned by either one or both of the natural parents of James within the confines of the Uniondale School District. The testimony indicates that these are income *253 producing properties, and while the record is not clear, apparently these properties are improved. In any event and as heretofore noted it is not disputed that the infant actually resides with his parents outside of the Uniondale School District.
The infant has never resided with the proposed guardian, but there does exist a close relationship between the Proios family and the Patten family which extends back perhaps before the birth of this child. The record supports the conclusion that Betty Patten would appear to be a suitable person to act as guardian of the person and that she could discharge that duty should the court find it appropriate to designate her in that capacity. It further appears from the papers filed and the testimony given that the sole purpose of this application is to perpetuate the infant’s attendance at the Uniondale High School. This petition is opposed by the Uniondale School District. The natural parents have indicated that if this petition were granted they feel strongly enough over this issue that they would in fact yield their powers and rights as parents to the guardian to see to the well-being of this child.
It is the view of the court that in matters of this kind and irrespective of how well motivated parties might be, a school district has the right to question the bona fides of the residency of its constituent students. (Matter of Drayton v Baron, 52 Misc 2d 778; Education Law, § 3202, subd 1; cf. Education Law, § 3202, subds 2, 3.) The authority extended to the court under SCPA article 17 is discretionary and that discretion should not be exercised merely to promote the educational wishes of the infant and his parents to the detriment of the legitimate interests of the school district (Matter of Schnipper, 149 Misc 905). As hereinbefore found, the infant has never resided with the proposed guardian and the present application is merely to achieve residence status for school attendance purposes. Under the circumstances, the proposed guardianship represents a plan contrived to defeat the right of the school district to exclude nonresidents which plan the court should not condone by way of its discretionary authority. Accordingly, the application for the appointment of Betty *254 Patten as guardian of the person of James Andrew Proios is denied and the petition dismissed.