OPINION OF THE COURT
C. Raymond Radigan, J.
Heretofore and on September 28, 1983, a hearing in this matter was held before the law secretary-referee designated pursuant to SCPA 506 (subd 6). Upon the court’s review of the proceedings the report of the referee filed and dated September 28,1983 is confirmed and shall constitute the determination of the court as follows: That I find that Jean Antoine Moncrieffe is an infant over the age of 14 years having been born on July 5,1966.1 further find that this court has jurisdiction of this infant and this proceeding by reason of the petition filed and that the infant is presently residing within the County of Nassau. The natural mother of this infant, a resident and citizen of Jamaica, West Indies, has by written instrument consented to the appointment of the proposed guardian. The natural father of this boy is deceased having died in or about 1969. It appears that the infant petitioner, through his father, is a citizen of the United States. Through the death of his father, petitioner is also the recipient of Social Security benefits which have since 1979 been deposited directly in a savings account maintained at the Roslyn Savings Bank. That account bears the name of his mother as representative payee. It is seen from the testimony, school record and *396 the infant’s United States passport that until July, 1983, he has resided in Jamaica, West Indies, except for periodic visits to this country. These visits would follow his school vacations and on these occasions the infant would stay at the home of the proposed guardian.
The Uniondale School District was given notice of this proceeding and has actively appeared in opposition to this application for guardianship voicing the objection that the infant’s present residence has been accomplished solely for school purposes. Upon this view of the facts, respondent district has refused to enroll petitioner as one of its resident students although application was otherwise duly made.
In consideration of petitioner’s actual presence and the absence of his sole surviving parent, there appears to be a clear and present need for the appointment of a guardian of the person within this jurisdiction to see to his general well-being and specific day-to-day needs. I am further satisfied that Vincent Ellis, the proposed guardian of the person, is a suitable and interested individual relative to this child, both capable and willing to discharge the office of guardian. The proposed guardian has known the infant since birth and there appears to be a close relationship between petitioner’s family and the proposed guardian. As heretofore indicated, the infant is presently residing with the proposed guardian. This relationship is positive when viewed with respect to the growth and maturation of this child.
Respondent school district questions the bona fides of petitioner’s residence and therefore the guardianship itself (Matter of Proios, 111 Misc 2d 252). It is provided by statute that every school district must furnish a free public school education to all residents of its district (NY Const, art XI, § 1; Education Law, § 3202). Upon the hearing, respondent school district has represented that it does not accept nonresident pupils on any basis including the payment of tuition.
Residence for public school education purposes envisions a physical presence with the intention of remaining. Residence solely to achieve the right to attend a particular school would fail to meet the traditional test of residence *397 (Matter of Drayton v Baron, 52 Misc 2d 778). Conversely, all citizens as well as others are free to establish a residence of their choice notwithstanding that the residence may incidentally afford the opportunity to attend a particular school (Plyler v Doe, 457 US 202). Petitioner having the privilege to establish a residence within this State has done so by choosing to live in the home of a long-standing family friend. The testimony establishes that petitioner has no other residence available to him except perhaps with his mother who resides and is a domiciliary of Jamaica, West Indies. I use the word “perhaps” for the reason that petitioner is not a citizen of Jamaica, West Indies, and his passport reveals a necessity to periodically renew visa status to permit him to remain with his mother. The Uniondale School District has provided no authority which would require an infant citizen to continue residing outside his homeland and deny him “residence” merely because his parent is a nonresident alien. The argument in summation to the effect that petitioner, for school education purposes, must remain a “visitor” in his own land must be rejected by this court as an unreasonable restriction upon the privilege of all citizens to establish residence and enjoy equal protection under the law. As heretofore noted, petitioner has no residence within the United States nor has another residence been made available to him. Finally, I find respondents eliciting from petitioner that the establishment of this residence was in part for educational purposes, should not work a contrary result. Under the circumstances here presented, petitioner has no other residence. His motivation makes his taking up residence no less bona fide than had he re-entered this jurisdiction for work, health or other noneducational purposes (Martinez v Bynum, 461 US_). To find otherwise would, educationally speaking, treat petitioner as a “man without a country”. Petitioner should not be relegated to such a position of nonstatus for educational purposes where he finds himself within respondent’s school district solely as a result of circumstances not of his doing nor as the result of design or planning relative to which respondent should be heard to complain.
Accordingly, I am satisfied that the proposed guardianship is bona fide and the petition is granted and a decree *398 may issue appointing Vincent Ellis guardian of the person pursuant to SCPA article 17.