OPINION OF THE COURT
George A. Murphy, J.
The petitioner brings this proceeding pursuant to CPLR article 78 to obtain a judgment of the court requiring the respondent, Freeport Union Free School District, to allow her infant children to register for and attend the public schools operated by the respondent. Petitioner has also moved to add the Roosevelt Union Free School District as a necessary party and that application is granted.
The petitioner and her children are the recipients of public assistance from the County of Nassau Department of Social Services. They are presently being housed in what is characterized by the parties as Bethany House, a temporary abode for those without a permanent home. Such facility is made available through private sponsorship but the cost of such housing is borne solely by County Department of Social Services. A condition of such housing is that the recipient spend the daytime hours away from such premises and in search of permanent housing. The petitioner says she leaves her two *103 minor children with a relative during such daytime period as they are not presently in the schoolroom where they would be if afforded their right to an education under the applicable statutes. (Education Law § 3202 [1].)
The petitioner and her children resided in the Village of Freeport during the years 1984 and 1985 and the children, at that time, attended schools within the Freeport Union Free School District. In October of 1985, because of circumstances beyond her control, the petitioner was placed with her two children in housing within the Village of Málveme and her children attended school there. The petitioner returned to an abode in Freeport in November but that was terminated for legal reasons also beyond her control effective January of the current year. The family was then placed in Wyandanch in Suffolk County and following that in Bethany House, located in Roosevelt, Nassau County.
It is not disputed that the petitioner’s children have been refused admission to the public schools of Roosevelt and Freeport for reasons presented to this court on behalf of each of those two districts.
Education Law § 3202 (1) provides that: "A person over five and under twenty-one years of age * * * is entitled to attend the public schools maintained in the district [or city] in which such person resides without the payment of tuition.”
Presented to the court is a dispute which arises from the contention of the petitioner and the Roosevelt Union Free School District that the petitioner and her children are in fact and in law residents of the Freeport Union Free School District and not legal residents of the Roosevelt Union Free School District. This contention is based on the theory that one does not change residency unless the intention to make a change is manifested. Absent such intention, it is argued, the last residency and all the rights that attach to it must prevail, and that includes the right to public education at schools within the district of such "retained” residency. The petitioner also argues that it is very much an aspect of the State policy that any placement of children in public housing avoid, to the extent possible, an adverse effect on their in place or established educational and social involvements. The Roosevelt Union Free School District argues that since these children had spent so much time in the Freeport schools before circumstances forced their move elsewhere and finally to Roosevelt on a strictly temporary basis, nearby Freeport schools retain *104 for both legal and commonsense reasons the duty to carry on the educational service owed these children.
Whether a child is a resident of a particular school district for the purposes of the Education Law is "a mixed question of law and fact” (People ex rel. Brooklyn Children’s Aid Socy. v Hendrickson, 125 App Div 256, 257, affd 196 NY 551). The burden of proving residence in a particular district rests with the petitioner (Matter of Conine, 9 Ed Dept Rep 32; Matter of Fenton, 15 Ed Dept Rep 100; Matter of Van Curran, 18 Ed Dept Rep 523). Additionally, it is settled that a determination by a board of education or a superintendent of schools that a child is not a resident of the school district will not be set aside unless it is demonstrated that the determination is arbitrary, capricious, or unreasonable (Matter of Shelmidine, 22 Ed Dept Rep 206).
The court finds that the petitioner and her children reside within the Roosevelt Union Free School District within the meaning of Education Law § 3202 (1). Thus, the children were wrongfully rejected by the authorities in the Roosevelt Union Free School District. The cited section has as its purpose the protection of a school district from any mandate to educate children who are not residents of the district.
The petitioner and her children live in Roosevelt. Thus, they enjoy all the rights of their neighbors, including the right of each of these two children to be educated in the Roosevelt schools without the payment of tuition. It is quite irrelevant to a resolution of this dispute whether the residency will be short or long, temporary or permanent. The question of residency is and must be a question of fact and not surmise. This court will not speculate how long the family will enjoy the entitlement of educational services in Roosevelt even while it hastens to decide that here and now the schools of Roosevelt must and shall be opened to these children as residents and not as merely tolerated visitors from somewhere, address unknown. However, they arrived in Roosevelt, and they are there, without need for apology to anyone. Behind them are their stays of varying length in Freeport, in Málveme and Wyandanch, a history that need not burden nor handicap, nor specially or uniquely benefit them in their present situation and needs.
The petitioner seeks to have her children registered in Freeport • schools. Her preference, however, is not at all governing. In fact, an effort to establish or claim residency solely *105 for the purpose of attending a particular school must necessarily fail as contrary to the letter and spirit of the section of the Education Law pertinent hereto. (Matter of Moncrieffe, 121 Misc 2d 395; Matter of Drayton v Baron, 52 Misc 2d 778.) At the present time, the petitioner and her children have no abode except that which they have in Roosevelt nor is there any evidence how long they shall have that abode or when or where their next abode, if any, will be. In such a circumstance, it is incumbent upon both the petitioner and the school authorities of Roosevelt to attend to the schooling of these two youngsters in the place where they live.
For the guidance of the parties this court finds that the petitioner has not established significant or determinative ties with Freeport. What ties were shown amount merely to living there. Such ties can be developed with ease wherever the family lives. Petitioner’s citation of Richards v Board of Educ. (decision No. 11490, July 17, 1985) is distinguishable on its facts. On the other hand, Matter of Moncrieffe (supra) proclaims the duty to accept this family with grace and not to challenge its educational rights on clearly insufficient technicalities. Also instructive on the subject of temporary residence is Vaughn v Board of Educ. (64 Misc 2d 60).
The fact of the matter is that what the petitioner and Roosevelt want is not legal, fair or practical. The problem of finding a safe and suitable way to deliver these children to Freeport schools from their abode in Roosevelt has not been clarified. How they would be returned to Roosevelt is equally unclear. It just doesn’t make sense to have children living in Roosevelt go back to Freeport for further education when other children living in the same abode or on the same street are attended to by their own available and convenient school facilities. The proposed resort to Freeport schools would, at once, make them "visitors” both where they go to school and in their home community of Roosevelt.
The petition is dismissed as against the respondent Freeport Union Free School District.
The court directs that judgment be settled on notice, with costs against the Roosevelt School District. The court has stated and reiterates that a prompt return to school by these children is essential and, therefore, the court, on its own motion, is issuing a short-form order on this 21st day of February 1986, requiring the respondent Roosevelt Union Free School District forthwith to accept the registration of *106 these two children so that no later than on Monday, February 24, 1986, they will be in a class in a school of the Roosevelt School District appropriate to their academic credentials and level.