■ BOARD OF EDUCATION, COMMACK UNION FREE SCHOOL DISTRICT, Respondent, v PORT JEFFERSON UNION FREE SCHOOL DISTRICT, Appellant.—In an action seeking tuition reimbursement for the cost of educating a nonresident pupil, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Brown, J.), entered September 25, 1986, which, upon the granting of the plaintiff's motion for summary judgment, is in favor of the plaintiff and against it in the principal amount of $17,720.77.

Ordered that the judgment is affirmed, with costs.

A review of the record reveals that the Supreme Court, Suffolk County, properly found no triable issues of material fact, thereby entitling the plaintiff to summary judgment *(see,* CPLR 3212 [b]; *Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). The undisputed chronology of events clearly indicates

that the pupil in question was a resident of Port Jefferson at the time the Department of Social Services assumed responsibility for her support and maintenance *(see,* Education Law § 3202 [4] [a]; *Matter of Jeter v Ellenville Cent. School Dist.,* 41 NY2d 283, 285). The Supreme Court's reliance on the definition of "residence" used in *Matter of Newcomb* (192 NY 238, 250-251) was proper. Residence of a temporary nature may be sufficient for purposes of Education Law § 3202 (4) (a) *(see, Matter of Delgado v Freeport Pub. School Dist.,* 131 Misc 2d 102; *Vaughn v Board of Educ.,* 64 Misc 2d 60). Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.