■ LONGWOOD CENTRAL SCHOOL DISTRICT, Respondent, v SPRINGS UNION FREE SCHOOL DISTRICT, Appellant. [751 NYS2d 555] —In a consolidated action for tuition reimbursement pursuant to Education Law § 3202 (4), the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated June 21, 2001, as denied those branches of its motions which were for summary judgment dismissing the complaint, and granted the plaintiff's cross motions for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendant's motions which were for summary judgment are granted, the plaintiff's cross motions for summary judgment are denied, and the complaint is dismissed.

The sole issue on appeal is whether the subject pupils' mother was "resid[ing]," for purposes of Education Law § 3202 (4) (a), within the boundaries of the defendant Springs Union Free School District (hereinafter Springs) at the time her children were placed in foster care. It is undisputed that the family had been evicted from their home approximately two months before placement and had been staying in various temporary residences since then, all outside the Springs school district. Nevertheless, the Supreme Court determined that the children were "residing" in the Springs school district because that was where their mother's last permanent residence before placement was located. We disagree.

"Residence of a temporary nature may be sufficient for purposes of Education Law § 3202 (4) (a)" (*Board of Educ., Commack Union Free School Dist. v Port Jefferson Union Free School Dist.,* 134 AD2d 315, 316). The mother here was a resident in temporary housing, located outside the Springs school district, at the time her children were placed in foster care. It

is undisputed that she had no other residence, permanent or otherwise, anywhere else. Had the children remained with their mother, the district within which her temporary housing was located, not Springs, would have been obligated to provide them with free public school education (*see* Education Law § 3202 [1]; *Matter of Delgado v Freeport Pub. School Dist.*, 131 Misc 2d 102, 104; *Vaughn v Board of Educ.*, 64 Misc 2d 60, 62). Under Education Law § 3202 (4) (a), that same district, not Springs, bears the burden of the cost of their tuition (*see Board of Educ., Commack Union Free School Dist. v Port Jefferson Union Free School Dist., supra*). Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.