■ In the Matter of Luis A.-S. Gabriel Rolando A., Appellant; Margarita S. et al., Respondents. [823 NYS2d 198]—

In a proceeding for the guardianship of a minor pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Orange County (Bivona, J.), entered December 21, 2005, which dismissed the petition for lack of subject matter jurisdiction.

Ordered that the appeal is dismissed, without costs or disbursements.

The child who is the subject of this proceeding is a Guatemalan national who entered the United States illegally when he was 17 years old. The petitioner, a New York State resident with whom the child now resides, is his uncle. The petitioner commenced this proceeding seeking appointment as the child's guardian, alleging that the child's parents, who remain in Guatemala, neglected, abandoned, and abused the child. The Family Court dismissed the petition on the ground that the child had entered the United States illegally, and that any remedy he might seek must be pursued in federal court. Two days after the Family Court's ruling, the child reached the age of 18 years.

The Family Court had jurisdiction to consider the petition, since the child was domiciled in Orange County or had "sojourned therein immediately preceding the application" (SCPA 1702 [1]; *see* Family Ct Act § 661; *Matter of Kummer*, 93 AD2d 135, 167-169 [1983]; *cf. Matter of Moncrieffe*, 121 Misc 2d 395 [1983]), and thus it incorrectly concluded that the child's immigration status presented an impediment to the exercise of

that jurisdiction (*see* 8 USC § 1101 [a] [27] [J] [i], [ii]; 8 CFR 204.11 [c] [1]-[6]; *Gao v Jenifer*, 185 F3d 548, 554 [1999]; *Matter of Juvenile*, 148 NH 743, 747-748, 813 A2d 1197, 1201-1202 [2002]; *F.L.M. v Department of Children & Families, State of Fla.*, 912 So 2d 1264, 1267-1268 [2005]; *cf. Matter of Adoption of Peggy*, 436 Mass 690, 699, 767 NE2d 29, 37-38 [2002], *cert denied sub nom. S.T. v Massachusetts Dept. of Social Servs.*, 537 US 1020 [2002]; *Matter of Kummer, supra*). However, the authority of the Family Court to appoint a guardian extends only to the person or property of a "minor," defined as a person not yet 18 years of age (*see* Family Ct Act § 119 [c]; § 661). As a general rule, the appointment of a guardian for a minor expires when the subject child reaches the age of majority (*see* SCPA 1707 [2]; Family Ct Act § 661; *Matter of Mede*, 177 Misc 2d 974, 979-980 [1998]). This appeal was therefore rendered academic when the child reached 18 years of age, and must be dismissed as such, since there is no basis upon which the relief requested in the petition can now be granted.

The petitioner's remaining contention is without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.