■ In the Matter of VANESSA D., Appellant. DEBORAH T., Petitioner. [858 NYS2d 687]—

In a guardianship proceeding pursuant to Family Court Act article 6, Vanessa D. appeals, by permission, from an order of the Family Court, Kings County (Hepner, J.), dated March 14, 2007, which denied the petition, inter alia, for a determination of her eligibility to be considered a special immigrant juvenile pursuant to 8 USC § 1101 (a) (27) (J) and 8 CFR § 204.11, based upon lack of subject matter jurisdiction.

Ordered that the appeal is dismissed, without costs or disbursements.

The instant appeal must be dismissed, as the subject child is no longer a "minor" subject to the Family Court's jurisdiction (*see* Family Ct Act § 119 [c]; § 661; SCPA art 17; *Matter of Zaim R.*, 43 AD3d 824 [2007]; *Matter of Luis A.-S.*, 33 AD3d 793, 794 [2006]). Although SCPA 1707 (2) was amended in 2006 to permit

the extension, under certain circumstances, of a guardian's term of office until the subject child's 21st birthday (*see* L 2006, ch 518, § 5 [eff. Aug. 16, 2006]), that additional grant of jurisdiction does not extend to the Family Court in guardianship proceedings commenced pursuant to Family Court Act article 6 (*see* Family Ct Act § 119 [c]; § 661).

Even if the Family Court initially erred in denying the petition on the ground of lack of subject matter jurisdiction (*see Matter of Antowa McD.,* 50 AD3d 507 [2008]), we are precluded from remitting the matter to the Family Court for a determination of the petition on the merits, as the Family Court no longer has jurisdiction over the subject child. Accordingly, the appeal must be dismissed (*see Matter of Zaim R.,* 43 AD3d 824 [2007]; *Matter of Luis A.-S.,* 33 AD3d at 794). Mastro, J.P., Fisher, Dillon and McCarthy, JJ., concur. [*See* 15 Misc 3d 819 (2007).]